THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD LA RODA, Appellant. — Order of the Rensselaer County Court, unanimously affirmed, without costs and without prejudice to a further application upon showing a justiciable issue. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

∎

HALSEY HATCH, Respondent, v. MURIEL I. D. TURNER et al., Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Intervener, Appellant. (Action No. 1.) HALSEY HATCH, Plaintiff, v. FRANK L. BELL et al., Defendants. (Action No. 2.) — Appeal from an order of the Supreme Court, Franklin County. The action is to partition extensive lands in the Adirondacks. The State of New York, on an affidavit showing an interest in the lands under tax sales and tax deeds, moves to intervene. The proposed answer of the State sets forth a counterclaim asserting that the State is " seized and possessed in fee ownership " of all the lands described in the complaint and sought to be partitioned. This is the kind of an assertion which usually would be expected to lead to the granting of a right to intervention as a matter of course. (Civ. Prac. Act, § 193-b, subd. 1, cl. [c]; subd. 2; § 1020.) There is an issue presented by plaintiff as to whether the State has a good title or a real interest, but this, of course, is triable in the action. If in the assertion by the State of a title to the land which is the subject of the action the State shows a prima facie case of an interest and this leads to an advantage to the State over other litigants in respect to tax liens created by section 1020, as plaintiff argues in opposition to the State's being made a party, it would be an advantage created by the Legislature. We do not pass now on the effect of bringing the State into the action as a party defendant. We hold, merely, that the State's application to be made a party should be granted. Order reversed, on the law and facts, and motion granted, with $10 costs and disbursements. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.