DOUGLAS F. STORER, Respondent, v. BION EXHIBITS, INC., Appellant, et al., Defendants.— In an action to recover damages predicated on a breach of contract of exclusive representation on a percentage basis, and for other relief, defendant, Bion Exhibits, Inc., appeals from so much of the judgment, entered on a jury verdict, as is in favor of plaintiff. Judgment, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Ughetta, JJ.

◼

TOWN OF BROOKHAVEN, Respondent, v. TOWN OF SMITHTOWN, Respondent. INCORPORATED VILLAGE OF HEAD OF THE HARBOR, Appellant.— In an action, under section 228 of the County Law to determine the boundary line between two towns, an incorporated village situated within the boundaries of the defendant town appeals from an order of the County Court, Suffolk County, denying its motion under section 193-b of the Civil Practice Act to intervene as a party defendant and to serve an answer. Order reversed, with $10 costs and disbursements, and motion granted. Under all the circumstances, including the facts, that the village is close to the town boundary line in suit and that the interests of the village may be affected adversely by a judgment in the action, intervention should have been granted as a matter of discretion. Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.

◼

TOWN OF BROOKHAVEN, Respondent, v. TOWN OF SMITHTOWN, Respondent. VILLAGE OF NISSEQUOGUE, Appellant.— In an action, under section 228 of the County Law to determine the boundary line between two towns, an incorporated village situated within the boundaries of the defendant town appeals from an order of the County Court, Suffolk County, denying its motion under section 193-b of the Civil Practice Act, to intervene as a party defendant and to serve an answer. Order reversed, with $10 costs and disbursements, and motion granted. Inasmuch as the action may affect the established boundary line of the appellant village, and the proposed answer raises no issue other than the boundary issue, the motion should have been granted in the expectation of avoiding an unnecessary multiplication of actions. Wenzel, Acting P. J., Schmidt, Beldock, Murphy and Ughetta, JJ., concur.