Joseph A. Suozzi, J.
By this motion the proposed intervenor seeks ah order permitting it to join this action as a party plaintiff, pursuant to the provisions of sections 1012 and/or 1013 of the Civil Practice Law and Buies.
In a resolution dated May 14, 1963, the defendant Town Board of the Town of Oyster Bay amended the town’s Building Zone Ordinance, changing the zoning classification and use of a 15-acre parcel of land owned by the individual defendants Skodnek from ‘ ‘ Besidence D ” to ‘ ‘ Industrial H ’ ’. The plaintiffs in the action are four residents who own property either adjacent to or in the immediate vicinity of said land. Their complaint seeks to have the zoning change declared void and illegal and unconstitutional; seeks a declaration that the zoning change is not part of any comprehensive plan as required by the Town Law; and seeks to permanently enjoin defendants from enforcing the resolution of May 14.
The proposed intervenor is a contract vendee of the parcel in question, having agreed to purchase it from defendants Skodnek on condition, among others, that a rezoning to “ Industrial H ” be obtained by August 15, 1963.
The instant action was commenced on June 14, 1963, and on July 5 a temporary injunction was granted restraining defendants from enforcing the zoning change pending the outcome of this action. Shortly thereafter the intervenor Silicon sought to rescind its contract with defendants Skodnek on the ground that the rezoning condition of the contract was not fulfilled. 'Skodnek has refused to rescind, and in fact has commenced an action seeking specific performance of that contract. It is Silicon’s contention that the zoning ordinance is invalid for all the reasons alleged by plaintiffs in their complaint and upon several other grounds spelled out in detail in four additional causes of action in the proposed intervenor’s complaint annexed to the moving papers.
Upon all of the papers and the argument it is this court’s opinion that Silicon clearly has interests which will he affected *607 "by the outcome of this action and may therefore be bound by the judgment therein, within the meaning of section 1012 (subd. [a], pars. 1, 2) of the Civil Practice Law and Buies. This section was adopted without significant change from section 193-b of the Civil Practice Act, which has over the years been liberally construed in permitting intervention (e.g., Town of Brookhaven v. Town of Smithtown, 285 App. Div. 1172; Hatch v. Turner, 282 App. Div. 818). "Where the proposed intervener, as here, has an interest in the real property which may be affected by the judgment, he should be permitted to intervene (Mandel v. Guardian Holding Co., 192 App. Div. 390).
It has been held that the intervenor’s interest need not even be direct, personal or pecuniary, an indirect interest in a substantial degree being held enough (Central Westchester Humane Soc. v. Hilleboe, 202 Misc. 873). Here, we find intervenor does have a direct and pecuniary interest in the outcome. More recently it has been held sufficient to permit intervention if the applicant’s interests will be jeopardized by his absence and he is ultimately and really interested in the outcome of the litigation (Harrison v. Mary Bain Estates, 2 Misc 2d 52, affd. 2 A D 2d 670). Silicon meets this test.
In reaching this conclusion the court has not overlooked the argument advanced by the town and by defendants Skodnek that Silicon should not be permitted to participate in an effort to invalidate the very rezoning that Silicon initially sought. Ordinarily, the court would agree with this contention. However, it should be noted that in approving the zoning change here, the town has imposed certain conditions which Silicon alleges may create additional obstacles and necessitate further delays in the use of the property as intended by it in seeking this change of zoning. Under these circumstances the court feels that the fact that Silicon initially sought the rezoning does not so outweigh the other considerations involved as to deny to Silicon the right to intervene in this matter.
Finally it is claimed that Silicon’s application should be denied for laches. The court finds the motion was timely made within the meaning of the statute. The words ‘ ‘ timely motion ’ ’ have been held to mean a reasonable time, and reasonableness depends on the circumstances of the particular case (Schnitzer v. Lang, 239 N. Y. 1; Schrager & Muster v. Magical Frocks, 77 N. Y. S. 2d 825). Here Silicon acted as soon as it had definite knowledge that defendant Skodnek rejected its request to rescind the contract. Any slight delay that may be encountered because of the intervention is outweighed by the adverse effect that would result if intervention were denied,