Catherine MEALEY, individually, and on behalf of herself and all other property owners in Improvement District No. 12 who having filed protests with the City Council are similarly situated, Appellant (Plaintiff below),

v.

The CITY OF LARAMIE, Wyoming, et al., Appellees (Defendants below).

No. 3984.

Supreme Court of Wyoming.

June 11, 1971.

Weston W. Reeves, of Graves, Smyth & Reeves, Cheyenne, for appellant.

Dean W. Borthwick, Cheyenne, and Thomas S. Smith, Laramie, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN, and GRAY, JJ.

PER CURIAM.

Plaintiff's action attacking the legality of the creation of a local improvement district by the City of Laramie consisting of the "downtown" area was previously here on an appeal from the granting of a summary judgment by the trial court on motion of the city. In disposing of the appeal in Mealey v. City of Laramie, Wyo., 472 P.2d 787, it was held that the trial court erred in granting a summary judgment on the issue raised by plaintiff that the city council was arbitrary or capricious in determining "the salvaging of the existing concrete base of the paving in most of the streets involved was uneconomical and lacked 'engineering feasibility.'" The basis for the holding was that the views of the expert engineers on such factual issue were divergent and could not be resolved without the taking of testimony. For such reason the summary judgment was reversed and the case remanded for further proceedings consistent with the opinion.

In keeping therewith the trial court first required defendants to file an answer and thereafter set the matter for trial; advised counsel at the opening of the trial that it would be limited to the paving issue; received testimony and documentary evidence adduced by the parties on the issue; found generally that the city council was not arbitrary or capricious in its determination not to salvage the concrete base; and entered judgment against the plaintiff and for the defendants.

Plaintiff has appealed and with respect to the trial court's findings and judgment makes this rather novel contention:

"THE EVIDENCE INDICATES THAT THE ACTION OF THE CITY COUNCIL IN DETERMINING THAT THE CONCRETE BASE OF THE STREETS SHOULD BE REMOVED WAS ARBITRARY AS A MATTER OF LAW."

It is thus difficult to determine just wherein plaintiff claims that the trial court erred, but apparently it is not claimed that the finding was not supported by substantial evidence. If that was the intention, it is without merit. Without undertaking to analyze all of the evidence pertinent to the question, it is our view that the record discloses ample evidence to sustain the finding of the trial court. With respect to the contention that the determination of the city council was arbitrary as a matter of law, it is not supported by cogent argument or authority and will not be noticed.

■■■ In final analysis, and keeping in mind that the weight of expert testimony is for the trier of the facts, the court was confronted with evidence from which it could find that the plans and specifications submitted to the city council by its expert engineers to remove the existing base of the pavement and replace the same were feasible and economical in view of the end sought to be achieved. On the other hand, the plan of plaintiff's expert engineer to salvage the base and top it with "an overlay" of asphalt could also be found to be feasible, would reduce the cost of paving some 8 or 9 percent, and would achieve a satisfactory result. The point is, however, that the statute vests in the city council "when considered expedient" the exclusive power to order any improvement or improvements to be made and "determine its character, kind and extent." Section 15.1–332, W.S.1957, C.1965. Thus, and as we have previously recognized, the determination is vested in the city council and unless the exercise of its legislative discretion is fraudulent, arbitrary, or capricious, the courts will not interfere. Consequently, even though it could be found that the city council used poor judgment in its determination that the additional cost of repaving was justified, it cannot be held on the basis of the record before us that the city council was arbitrary and capricious in reaching its determination. For such reason the judgment must be affirmed.

■■■ In addition to the foregoing, plaintiff at the trial sought to amend the complaint in order to raise an issue of an asserted variance between the resolution of intention and a later announced purpose to exempt certain property from assessment and to resubmit matters presented directly or inferentially in the former appeal. The proffered amendment was denied and the trial court refused to hear the other matters for the reason, as previously stated, that the trial would be limited to the paving issue.

Whether or not the proposed amendment should have been allowed or rejected was a matter lying within the discretion of the trial court and unless such discretion was abused, its ruling will not be set aside. In view of the stage of the action at which the amendment was offered there was no abuse.

Briefly, the matters resubmitted pertained to an alternative method of financing by urban renewal funds; reconstruction of sidewalks without regard to repairability; the lack of sufficient notice as fixed in § 15.1–337(d), W.S.1957, C.1965, for the filing of remonstrances and objec-

tions; and the assertion that under the provisions of § 15.1–269, W.S.1957, C.1965, the proceedings were required to be initiated by a petition signed by the owners of more than one-half of the property affected.

While it is true that we did not specifically set forth or discuss those matters in the former appeal, we did say that a large number of the charges made were "untenable" and that the review would be confined to claims that were thought to "merit consideration" and proceeded accordingly. Perhaps the choice of the word "consideration" was unfortunate and somewhat misleading and formed some basis for plaintiff's contention. Nevertheless, each and every point raised in the previous appeal and here resubmitted was reviewed and determined to be without merit. Nothing new is presented that would warrant a reconsideration of that determination.

Judgment affirmed. .