William A. SANDERS and Nadine Sanders, Appellants (Plaintiffs below),

v.

Albert D. GREGORY, Gary W. Gregory and Ronald W. Gregory, Appellees (Defendants below).

No. 5698.

Supreme Court of Wyoming.

Oct. 15, 1982.

Michael H. Schilling of Pence & MacMillan, Laramie, for appellants.

Walter C. Urbigkit, Jr., of Urbigkit & Whitehead, Cheyenne, for appellees.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

BROWN, Justice.

This case is *Gregory v. Sanders,* Wyo., 635 P.2d 795 (1981), revisited. In the former case we remanded to the district court and directed that the injunction be modified. Sanders, appellant here, appeals the order of the trial court modifying the injunction.

We will affirm.

Appellant characterizes the issue on appeal as:

"Whether the District Court abused its discretion in entering an Order Amending Injunction contrary to that authorized by the Remand Order of the Wyoming Supreme Court, and whether such erroneous Order constitutes reversible error."

Before the first action, *Gregory v. Sanders,* supra, Sanders, appellant here, divided his property into several subdivisions and sold homesites. These subdivisions contained both private and public roads. In creating these subdivisions, Sanders retained title to certain land referred to as a buffer zone. The Gregorys used private roads going through various subdivisions in conjunction with public roads to reach their lands. In the first action Sanders filed suit to enjoin the Gregorys' use of the private roads. The Gregorys resisted, claiming they had a prescriptive right to use these roads. In the first action, affirming the district court, we held that the Gregorys had failed to establish a prescriptive easement to continue use of the roadways. We remanded the case to the district court, however, holding that injunctive relief was proper but that the injunction was overly broad.[1] We said:

---

1. The first injunction stated:

"IT IS FURTHER ORDERED that Plaintiffs' (Sanders) Petition for Preliminary and Permanent Injunction be, and is hereby, granted, and that the Defendants, (Gregorys) and each of them, are hereby perpetually enjoined

" * * * (The Injunction) prohibits the appellants from using the private roadways *even if invited by the homeowners in the subdivisions who have the right to allow guests, employees or other invitees on the roads. The order should only bar appellants from any unauthorized use, and we* remand the case to the district court to allow that court to make an appropriate modification of the injunction to that end." (Emphasis added.) *Gregory v. Sanders,* supra, at 802.

On remand both parties submitted to the district court a proposed order modifying the first injunction.[2] The district judge adopted the language suggested by appellees and modified its injunction to provide:

" * * * It is ordered * * * that the Defendants and each of them are hereby perpetually enjoined from traveling across the surface of or using lands or private roadways owned by Plaintiff as located in the Northfork Subdivision, Albany County, Wyoming;

Provided however that Defendants are enjoined only for *unauthorized use of roads in the subdivisions and are not enjoined from the use of roads when permission therefore* [sic] *has been granted by the owner of a tract of land in any of the subdivisions which person as a home owner in the subdivisions has the right to allow guests, employees, or other invitees on the roads pursuant to his easement* and rights appurtenant to the conveyance of land title to him." (Emphasis added.)

■ When a case is affirmed but remanded to the district court for modification of the judgment consistent with the appellate court's opinion, the trial court is bound to substantially comply with the mandate and its discretion is strictly limited. It has authority to determine only those issues directed by the mandate and opinion, and issues necessary to reach a decision on the mandated issues. "If a cause is remanded for a specified purpose, any proceedings inconsistent therewith are error." *Potter v. Gilkey,* Wyo., 570 P.2d 449, 454 (1977). See also, 5B C.J.S. Appeal and Error §§ 1965, 1966 and 1978.

■ A comparison of the language we used on remand in the first case at page 812 and the language used by the district court in its modified order of injunction discloses that the words are substantially identical. We do not believe that the few additional words used by the district court depart from the mandate or dilute the injunction. A court fashioning an injunction engages in a delicate balancing act. The trial court cannot and should not make the injunction so inclusive that it encompasses every situation that the mind of man could envision. On the other hand, the injunction should not be so narrow as to render it meaningless. We must assume that the parties enjoined will not contrive devious schemes to circumvent the purposes of the injunction. An injunction is not the legal panacea for every ill that may arise in the complicated affairs of man. It appears that appellants, by their proposed order modifying the injunction, want to enjoin more than this court directed in the mandate and more than the injunction in the first action provided, or for that matter, more than they requested initially. Appellants' proposed order amending the injunction purports to extend the injunction to all private roads in the subdivision, not just private roadways

from using or traveling across the aforesaid lands or private roadways in the North Fork Subdivisions * * *."

2. Appellants suggested the following language: "In accordance therewith the Injunction entered in the action is modified as follows: PROVIDED, HOWEVER, it is ordered that the defendants may use and travel across the private roadways in the Northfork Subdivision upon the express invitation of a cabin site owner for ingress to and egress from such cabin site in accordance with the invitation extended by such Order; PROVIDED FURTHER that in order to prevent the frustration of the Injunction entered herein defendants shall obtain egress from the cabin site of the invitor by the same means they obtained ingress thereto and shall not use the invitation as a means by which to circumvent the Injunction so as to obtain access to their property."

owned by them. The proposed order also purports to control the land usage of homesite owners who are not parties to this action or to the first action. Appellants further seek to limit the authority of homesite owners in their invitations to come onto their private property. The last paragraph of appellants' proposed order amending the injunction states:

"Except insofar as modified herein any other use by the Defendants of the private roadways in the North Fork Subdivision shall be *unauthorized use* under and by virtue of the Supreme Court opinion and the Injunction entered herein which has been affirmed and Defendants are perpetually enjoined from any such *authorized use* in accordance with the original Injunction entered herein." (Emphasis added.)

The most charitable thing that can be said about this paragraph is that it seems to extend the injunction beyond what was provided for in the original injunction or what was mandated by this court. In any event, the paragraph is incomprehensible and tends to obfuscate the dimensions of the injunction.

We hold that the trial court substantially complied with the mandate of this court.

Affirmed.