**MASSEY FERGUSON CREDIT CORPORATION, INC., a Maryland corporation, Appellant (Plaintiff),**

v.

**Ralph V. STOWE, Appellee (Defendant/Plaintiff),**

v.

**Gary BARNEY, Trustee in Bankruptcy for A & I Equipment, Inc., and Massey Ferguson, Inc., a Maryland corporation, Defendants.**

No. 85–19.

Supreme Court of Wyoming.

Sept. 17, 1985.

Rehearing Denied Oct. 10, 1985.

Joel M. Vincent of Hettinger and Leedy, P.C., Riverton, for appellant (plaintiff).

F.M. Andrews, Jr., of Andrews and Anderson, P.C., Riverton, for appellee (defendant/plaintiff).

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

A portion of this case was before the Wyoming Supreme Court before in *Massey Ferguson, Inc. v. Stowe*, Wyo., 686 P.2d 604 (1984). In that case we modified the judgment and affirmed. Upon remand to the district court, the remanded case together with a deficiency claim, were consolidated and both matters disposed of in a single judgment.

The issue according to appellant is:

"Whether that judgment entered by the district court on December 11, 1984, in *Massey Ferguson Credit Corporation vs. Ralph V. Stowe*, is contrary to that mandate of the supreme court previously issued pursuant to supreme court decision in case No. 83–240, entitled *Massey Ferguson, Inc., a Maryland Corporation, appellant, vs. Ralph V. Stowe, appellee.*"

We will affirm.

Appellee, Ralph V. Stowe, purchased a tractor from Massey Ferguson, Inc., in 1981 for $66,150. The purchase was accomplished by an installment contract. Stowe made a down payment of $33,339.45; the balance of $32,810.50 was financed by Massey Ferguson Credit Corporation (hereinafter Massey Credit). Massey Credit is a wholly-owned subsidiary of Massey Ferguson, Inc.

Stowe had problems with the tractor and in 1982 sued Massey Ferguson, Inc., for breach of warranty. Stowe did not pay Massey Credit the amounts due under the installment contract; Massey Credit repossessed the tractor, sold it at a foreclosure sale and a deficiency resulted. The suit against Massey Ferguson, Inc., by Stowe for breach of warranty resulted in a jury verdict and judgment in favor of Stowe. In the verdict and judgment, Stowe was awarded the full purchase price of the tractor and other items of damage. On appeal we reduced the judgment by $32,810.51 because Stowe had not paid that sum to anyone.[1] We affirmed the judgment but modified it to reflect that Stowe was entitled to $59,680.99 and costs. *Massey Ferguson, Inc. v. Stowe*, supra.

The claim of Massey Credit against Stowe for a deficiency did not surface

---

1. The judgment in favor of Stowe was modified in other respects but that is not relevant in this case.

again until after our mandate in the case for breach of warranty.[2] The breach of warranty case on remand and the deficiency case were again consolidated for trial and disposition was made of this consolidated case, evidenced by a judgment dated December 10, 1984, from which this appeal was taken. The main problem after remand was how the undisputed $15,064.59 deficiency related to the $59,680.99 judgment in favor of Stowe.[3] Because Massey Credit is a wholly-owned subsidiary of Massey Ferguson, Inc., and because of the way both corporations and Stowe dealt with each other in the tractor transaction, the parties and the trial court considered and treated the corporations as the same entity. There has never been an issue in treating the two corporations as a single entity. Ideally, when the breach of warranty case was appealed to this court, we should have been advised by stipulation, or otherwise, concerning the status of the deficiency claim. In that happy event we could have disposed of all the issues between the parties in the opinion.

In its December 10, 1984, judgment, after considering the deficiency factor, the court arrived at a judgment as follows:

" * * * Stowe has paid $33,339.45 by cash and trade-in and $22,515 by proceeds of foreclosure sale; totalling $55,-854.45; that the pay-off on the contract on the foreclosure date was $32,810.55; that there is a deficiency remaining of $10,295.55, which deficiency is due from Ralph Stowe to Massey Ferguson Credit Corporation; that said deficiency should be subtracted from the total Judgment, in addition to the $10,703.50 not allowed as damages by the Supreme Court opinion; that Stowe's total Judgment should

be $82,195.99 after making allowance for the deficiency due Massey Ferguson Credit Corporation.

"It is therefore ordered adjudged and decreed: That that certain Judgment in favor of Ralph Stowe and against Massey Ferguson Inc., be modified to a total Judgment of $82,195.99:

"Further ordered that such modification is in full and complete satisfaction of the claims of Massey Ferguson Credit Corporation against Ralph Stowe."

In his appeal brief appellant states:

"It is the contention of the appellant that the District Court should have entered judgment in favor of Stowe in the sum of $59,680.99 less the sum of $10,295.99, that being the deficiency left after the sale of the tractor, excluding any accrued interest."

In considering the problem here we receive some guidance from treatises and Wyoming case law.

" * * * [T]he trial court may consider and decide any matters left open by the appellate court, and is free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision. The issues are generally open on a retrial when a case is reversed and remanded for further proceedings. If the mandate speaks only in the light of the special facts found, the lower court is at liberty to proceed in all other respects in the manner that, according to its judgment, justice may require. * * * " 5 Am.Jur.2d, Appeal and Error, § 992, pp. 419–420 (1962).

---

**2.** The case for breach of warranty and the case for a deficiency were consolidated by an order dated August 12, 1982. This order apparently fell through the cracks or was ignored. In any event, the court and parties proceeded with the breach of warranty action without regard to the deficiency action through trial and appeal. The caption of the judgment in the breach of warranty trial showed Massey Credit as a plaintiff although no issues on deficiency were presented to the jury nor did the verdict mention Massey Credit.

**3.** In his brief Stowe says: "At the time of trial [breach of warranty trial] the parties had agreed the deficiency was due and payable, and no issue remained for trial. No record was made of this, and Massey Ferguson Credit Corporation put on no evidence of the deficiency. Not being privy to this agreement, the Supreme Court correctly applied the law, but was mistaken as to the facts * * *."

"When a case is affirmed, but remanded to the District Court for modification of the judgment consistent with the appellate court's opinion, the trial court is bound to substantially comply with the mandate, and its discretion is strictly limited. It has authority to determine only those issues directed by the mandate and opinion, and issues necessary to reach a decision on the mandated issues. * * *" *Sanders v. Gregory,* Wyo., 652 P.2d 25, 26 (1982).

The jury verdict in the breach of warranty case clearly indicated that the jury determined that Stowe should be reimbursed for the amount that he paid for the tractor. In our opinion in that appeal we modified the award by deducting $32,810.51 because Stowe had not paid that amount. In that opinion no consideration was given to the deficiency because the matter was not before us. In the present case on appeal we become aware that Stowe is obligated to pay an additional amount for the tractor, that is, the amount of the deficiency. Therefore, Stowe is entitled to be reimbursed for an additional amount in order to be consistent with the intent of the jury verdict.

The law with respect to allocation of proceeds from a foreclosure sale is set out in § 34–21–963(a)(i, ii), W.S.1977:

"(a) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the article on sales (article 2). The proceeds of disposition shall be applied in the order following to:

"(i) The reasonable expenses of retaking, holding, preparing for sale, selling and the like and, to the extent provided for in the agreement and not prohibited by law, the reasonable attorney's fees and legal expenses incurred by the secured party;

"(ii) The satisfaction of indebtedness secured by the security interest under which the disposition is made."

According to subparagraph (ii) above, the $22,515 net proceeds realized from the foreclosure sale should be applied to Stowe's indebtedness.

Consolidating the breach of warranty case and the deficiency case, together with treating Massey Ferguson, Inc., and Massey Credit as a single entity results in posturing a claim by Stowe for breach of warranty, and in effect, a counterclaim by the Massey Ferguson entity for a deficiency resulting from the sale of the tractor.

In determining the judgment that Stowe should have, we apply the facts and law as follows:

| | |
|---|---:|
| Amount of original judgment | $103,195.00 |
| Balance due on the contract in accordance with our first opinion | –32,810.51 |
| Damages which no longer are in issue pursuant to our first opinion | –10,703.50 |
| Adjusted judgment in accordance with our first opinion | $ 59,680.99 |
| Balance due on the contract of $32,810.51 plus earned finance charges and earned past due interest in the amount of $4,769.08 | +37,579.59 |
| Amount of the deficiency still due to Massey Credit | –15,064.59 |
| Net judgment in favor of Stowe | $ 82,195.99 |

Affirmed.