**In the Matter of the ADOPTION OF BBC.**

**BDR, Appellant (Respondent),**

v.

**BEB and PJB, Appellees (Petitioners).**

**No. C–92–5.**

Supreme Court of Wyoming.

April 2, 1993.

Joe R. Wilmetti, Casper, for appellant.

J. Patrick Hand, Douglas, Peter J. Feeney and Michael J. Krampner, Casper, for appellees.

Larry E. Middaugh, Casper, guardian ad litem.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN, JJ., and ROONEY, J. (retired).

GOLDEN, Justice:

Biological father (BDR) appeals from a district court order which: (1) granted guardianship of his son (BBC) to a married couple (BEB and PJB) who previously attempted to adopt BBC, (2) denied BDR any rights of visitation with BBC, and (3) relieved BDR of any child support obligations. This court had reversed a previous district court order, which had permitted BEB and PJB to adopt the child and had terminated BDR's parental rights. *Matter of Adoption of BBC*, 831 P.2d 197 (Wyo.1992) (hereinafter *BBC I*).

We affirm in part and reverse in part.

BDR, appellant, raises the following issues:

  A. The primary issue presented for review and determination by this court is:

    Did the district court err by failing to follow the mandate of this court in the initial appeal?

  B. Additional and included issues are as follows:

    1. After the reversal of the adoption and termination of parental rights and remand "... for a timely hearing before the trial court to determine what is now in the best interest and welfare of BBC pertaining to his temporary care, custody and control as well as what are the father's rights and support obligations in connection therewith." [D]id the district court err in allowing the filing of an Amended Petition in two counts, one for adoption based on non-support and one for guardianship?

    2. Did the district court err in denying Appellant a hearing and an opportunity to present evidence as to present conditions and circumstances affecting Appellant's and BBC's interests?

    3. Did the district court err in allowing the introduction in this case, after appeal, of a totally new and unrelated issue of guardianship and in granting letters of guardianship without any hearing?

    4. Did the district court err in denying Appellant [father], without any hearing, any rights of visitation?

    5. Did the district court err in denying Appellant's [father's] request for a home study conducted by family services, prior to the determination of the custody and visitation issues?

## BACKGROUND

On April 22, 1992, this court issued an opinion from a first appeal in this case. *See BBC I*. In that opinion, we reversed a district court judgment which had terminated BDR's parental rights and had granted BEB and PJB adoption of BBC. At the same time, however, we affirmed that part of the district court's order which had denied the father's motion for custody. *BBC I*, 831 P.2d at 202. Because the practical effect of our opinion in *BBC I* was to leave BBC's familial existence in a state of suspension, we specifically directed the district court so that BBC's childhood fate could be expeditiously determined.

Those directions were:

[W]e remand this matter for a ***timely hearing*** before the trial court to determine what is ***now*** in the best interest and welfare of BBC pertaining to his temporary care, custody, and control, as well as what are the father's rights and support obligations in connection therewith.

*BBC I*, 831 P.2d at 202 (emphasis added). After this court denied BEB's and PJB's petition for rehearing of *BBC I* on May 8, 1992, we also issued a mandate to the district court which required "further proceedings in accordance with the opinion." [1]

On remand, a volley of motions and petitions were quickly filed by the parties. BDR filed a petition for temporary custody and BEB and PJB filed amended pleadings seeking adoption and parental termination on new grounds or, in the alternative, guardianship of BBC. In addition, BEB and PJB and the biological mother (EC) filed motions for continuances.

---

1. A mandate is required by Rule 9 of the Wyoming Rules of Appellate Procedure. Rule 9 has since been renumbered as Rule 9.10.

Evidently, there was a brief hearing concerning the motions for continuances on May 15, 1992. Following that hearing the district court issued an order which (1) vacated a hearing previously set to address BDR's motion for temporary custody and set a new hearing date, (2) ordered the parties to prepare and file briefs on the issues of parental termination and guardianship, and (3) permitted the parties leave to amend their pleadings.

All the parties filed memoranda addressing the issues designated by the district court. At some point, although the record is not clear, the termination of parental rights issue was dismissed, and a second action was filed in another district judge's court addressing that issue.[2] On June 29, 1992, without any hearing, the district court entered an order granting BEB and PJB full guardianship of BBC and denying BDR any rights of visitation, as well as relieving BDR of any child support obligations. It is from this order which BDR now appeals.

## DISCUSSION

STANDARD OF REVIEW

■ All of the objections raised by BDR concern the broader issue of whether the district court proceeded consistently with our opinion and mandate from *BBC I*. When this court remands a case, the district court is vested with jurisdiction only to the extent conferred by this court's opinion and mandate. *Potter v. Gilkey*, 570 P.2d 449, 454 n. 12 (Wyo.1977). When determining whether a district court has exceeded the scope of its authority granted by this court's opinion and mandate, we follow a standard of substantial compliance. *Sanders v. Gregory*, 652 P.2d 25, 26 (Wyo.1982); *see also* 5B C.J.S. *Appeal & Error* §§ 1965, 1966 (1958).

■ On remand from this court, whether a reversal or an affirmance or any combination of the two, the district court must substantially comply with the combined directions, purpose, and intent of this court's opinion and mandate. An action taken by a district court which fails to substantially comply is the equivalent of proceeding without jurisdiction and is error.

BDR, more specifically, asserts that the district court violated our mandate and opinion when it: permitted leave to amend pleadings, permitted BEB and PJB to file a petition for guardianship of BBC, granted BEB and PJB guardianship without holding another hearing, failed to hold any substantive hearing in accordance with our opinion in *BBC I*, and denied BDR's request for a home study by the Department of Family Services (DFS) before determining visitation and custody. Each of these specific objections will be reviewed in light of the enumerated standard of review.

LEAVE TO AMEND PLEADINGS

The general rule, concerning whether amendment of pleadings after remand is permissible, is as follows:

Cases bearing on the amendment of pleadings after remand, where no leave or direction has been granted by the appellate court, generally turn on the question of the power of the lower court, * * * it being held that * * * the question as to whether it shall be allowed in a particular case is committed primarily to the discretion of the lower court, with the exercise of which the appellate court will not interfere, except in the case where there has been a clear abuse of discretion * * *.

5B C.J.S. *supra* § 1969(1) (citations omitted). Our case law is in accord with the general rule. *Mealey v. City of Laramie*, 485 P.2d 1019, 1020 (Wyo.1971).

In *Mealey*, we held that the trial court had not abused its discretion in denying the plaintiff leave to amend its pleadings. *Mealey*, 485 P.2d at 1020. In that case, the plaintiff, after remand from this court on a reversal of summary judgment, attempted to amend her pleadings to raise a new

---

**2.** At oral argument, all parties agreed that this second termination action has since been dismissed by the other district judge.

issue. In affirming the trial court's denial of leave to amend we said:

> Whether or not the proposed amendment should have been allowed or rejected was a matter lying within the discretion of the trial court and unless such discretion was abused, its ruling will not be set aside.

*Mealy*, at 1020.

■ In this case, we cannot say that the district court's action, permitting leave to all parties to amend the pleadings, was an abuse of discretion or was inconsistent with our opinion in *BBC I*. After our opinion in *BBC I*, reversing the termination of parental rights and adoption, most of the original pleadings were no longer applicable. The hearing, which resulted in the original judgment of adoption and termination of BDR's parental rights, was grounded in BDR's petition for habeas corpus and BEB's and PJB's petition for adoption. If the district court had proceeded, after remand, based solely on the old pleadings, the precise issues would have been difficult to discern. Therefore, the district court did not abuse its discretion.

GUARDIANSHIP, VISITATION, SUPPORT OBLIGATIONS

■ BDR next argues that the district court erred in permitting BEB and PJB leave to amend their pleadings with a petition for guardianship because guardianship is inconsistent with this court's directions as set out in the *BBC I* opinion. We disagree with BDR and hold that permitting an amended pleading for guardianship was consistent with our opinion in *BBC I*. We do so because the paramount concern in a guardianship proceeding is the best interest of the child, *see* WYO.STAT. § 3-2-101(a)(v) (1985), and our specific directions on remand required the district court "to determine what is now in the best interest and welfare of BBC * * *." *BBC I*, 831 P.2d at 202.

■ In addition, BDR asserts that the district court's grant of guardianship to BEB and PJB fails because no notice was given and no hearing was held. Although we find that the amended pleading petitioning for guardianship was consistent with our stated purpose in *BBC I*, we cannot see how the district court's grant of full guardianship to BEB and PJB—without a hearing and based solely on old evidence elicited at the *BBC I* hearing—substantially complied with our opinion in *BBC I*. As we have said before, "[i]f a cause is remanded for a specified purpose, any proceedings inconsistent therewith are error." *Sanders*, 652 P.2d at 26 (quoting *Potter*, 570 P.2d at 454).

Our opinion expressed a specific purpose to the district court when we said, "[w]e remand this matter for a **timely hearing** before the trial court to determine what is **now** in the best interest and welfare of BBC * * *, as well as what are the father's rights * * *." *BBC I*, 831 P.2d at 202. (emphasis added). Clearly, this language contemplates a new evidentiary hearing where the current status of all the parties would be elicited, that is, the best interests of BBC today and the present status of BDR's rights in relation to BBC.

Despite these specific directions, the district court granted guardianship to BEB and PJB without any hearing and without any new evidence concerning the present fitness of BDR. In its decision letter granting the guardianship the district court reasoned,

> Regarding the guardianship, it **has been** found by this court that the father is unfit to be custodian of the child. That finding was affirmed by the [Wyoming] Supreme Court. (Emphasis added).

As is plainly evident from the highlighted language of the district court, the decision to grant guardianship was based on past findings by that court and not based on a "timely hearing" or "what is now in the best interest of BBC." Therefore, the district court's actions concerning guardianship are inconsistent with the specific purpose we expressed in *BBC I*, and we hold that the district court, in granting the guardianship to BEB and PJB, exceeded its jurisdiction over this case as limited by our opinion and mandate from *BBC I*. There-

fore, the decision granting guardianship is vacated.

This same analysis applies to those parts of the district court order which denied visitation and relieved BDR of any support obligation. In making these determinations on visitation and support, the district court simply ignored our specific directions requiring a timely hearing and a determination of the present circumstances. In other words, the district court exceeded its jurisdiction of this remanded case when it ordered denial of visitation rights and support obligations, without substantially complying with our opinion and mandate. Therefore, the order concerning visitation and support obligation is also reversed.

HOME STUDY

■ BDR also asserts that the district court should have ordered a home study of BDR by DFS. A home study is only required when a petition for termination of parental rights is filed by "anyone other than the authorized agency." WYO.STAT. § 14–2–314 (1986). Because of our decision in *BBC I*, there is no petition for termination of BDR's parental rights before the district court. Therefore, the district court was under no statutory obligation to order a home study. We hold that the district court's action, of not ordering a home study, was consistent with our opinion and mandate from *BBC I*, and thus was not error.

## DISPOSITION

Today we reverse those parts of the district court's June 29, 1992 order, which granted guardianship to BEB and PJB, denied any visitation rights to BDR, and removed any support obligation from BDR. We reverse because the district court acted without authority by failing to substantially comply with our opinion and mandate in *BBC I*. We affirm the district court's action which permitted BEB and PJB to amend their pleadings in order to file a petition for guardianship.

We remand to the district court and order the district court to: (1) maintain the status quo, concerning BBC's temporary care custody and control, as it existed before the district court's June 29, 1992 order; (2) grant all parties leave to amend the pleadings and proper amount of time to answer opposing pleadings; and (3) after all the pleadings are filed, hold an evidentiary hearing to determine, based on the circumstances as they exist today, the best interest of BBC and BDR's rights and duties.

ROONEY, J., filed a dissenting opinion.

ROONEY, Justice (Retired), dissenting in part.

I dissent only from that part of the majority opinion which results in a reversal.

The herein contested part of the majority opinion is that part premised on an alleged failure of the district court to comply with the direction of this court on remand of the first appeal relative to holding a hearing on specific issues. We worded the remand in the first appeal:

"[W]e remand this matter for a timely hearing before the trial court to determine what is now in the best interest and welfare of BBC pertaining to his temporary care, custody, and control, as well as what are the father's rights and support obligations in connection therewith."

*Matter of Adoption of BBC*, 831 P.2d 197, 202 (Wyo.1992).

On this appeal, the majority of the Court finds error in failing to hold a "hearing," but inconsistently finds no error in allowing an amendment of the pleadings after remand. As stated in the majority opinion:

On remand, a volley of motions and petitions were quickly filed by the parties. BDR filed a petition for temporary custody and BEB and PJB filed amended pleadings seeking adoption and parental termination on new grounds, or, in the alternative, guardianship of BBC.

In truth, the amendments, admitted as proper, established new issues and, in effect, created "a new ball game." The directions of this court on remand were with respect to that before the district court in "the old ball game," and should not be said to be mandatory in "the new ball game."

If the entire direction of the case can properly be changed by amendments to the pleadings, it is inconsistent to hold that formalities pertinent to remand action on the original issues must be met. The emphasis here should be on a determination as to what is in the best interests of the child. Substance should prevail over remand directions, which were rationally directed to different issues. The remand instructions were with reference to those issues then presented to both courts. If those issues were changed or ceased to exist—as here, compliance with the instructions would be unnecessary. Carried to the extreme, if BDR died, the pertinency of the issues upon which the remand directions were given would no longer exist. The pertinency of those issues and the remand directions are likewise changed by the new pleadings. It should not be necessary here, or in similar cases in the future, for the parties, or for the district court, to dismiss the case and then cause to be filed a new one in order to place new issues before the district court, unburdened by the procedure status of the dismissed case. The precedent set by this decision can create unnecessary problems in remand of future cases.

Additionally, I do not read the remand order to require a new *evidentiary* or trial-type hearing in which the district court must disregard all of that previously put before it in this matter, as indicated in the majority opinion. The direction on remand for a "timely" hearing does not clearly contemplate a new hearing. It could be just the opposite, i.e., one necessary to bring the matter up to time. Timely "means a reasonable time, and reasonableness depends on the circumstances of the particular case." *Levine v. Town of Oyster Bay*, 40 Misc.2d 605, 243 N.Y.S.2d 656, 658 (N.Y.Sup.1963). The meaning of timely "must be determined upon the facts of each particular case. * * * The Court necessarily has considerable discretion in its determination." *In re Rumsey Mfg. Corp.*, 9 F.R.D. 93, 98 (W.D.N.Y.1949). It would be superfluous to have a repetition of all of that established previously related to BDR's actions which resulted in the previous disposition of the matter. The remand did not direct the holding of a *new* hearing or a new trial. We often do so. Here, the order was for a "timely" hearing. To me, and apparently to the district court, the direction was to afford an opportunity to the parties to bring the matter up to time by placing before the court anything new and different having bearing upon the issues. The record does not reflect a request by any party for an evidentiary hearing. Nor does it reflect an objection or other means of preserving error by either party with reference to not having such (as usually required by us). As noted in the majority opinion, briefs were filed by the parties, as ordered by the district court, on the issues of parental termination and guardianship. Ample opportunity was thereby afforded the parties to recite the evidence and law pertinent to the issues, and they took advantage of the opportunity. There was sufficient compliance with the remand order of this court.

Nothing will be gained by another remand of this case. Time, effort and judicial economy will be lost. *Rapid* determination of the status of the child is in its best interest. I would affirm in all respects.