2005 WY 42

**WYOMING.COM, LLC, Appellant (Defendant),**

v.

**E. Michael LIEBERMAN, Appellee (Plaintiff).**

No. 04–122.

Supreme Court of Wyoming.

April 12, 2005.

Representing Appellant: Alexander K. Davison, Wendy Curtis Palen, and Terry W. Connolly of Patton & Davison, Cheyenne, Wyoming.

Representing Appellee: William D. Bagley of Bagley, Karpan, Rose & White, LLC, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and BRACKLEY, D.J.

GOLDEN, Justice.

[¶ 1] This is the third appeal generated from this litigation. After *Lieberman v. Wyoming.com LLC*, 2004 WY 1, 82 P.3d 274 (Wyo.2004) (*"Lieberman II"*) was published, both parties filed with the district court their respective versions of a final order. The district court ultimately decided to adopt the order presented by E. Michael Lieberman.

Wyoming.com LLC ("Wyoming.com" [1]) is appealing the content of the order entered by the district court. Wyoming.com protests that the order of the district court does not properly reflect the holdings of this Court in *Lieberman II*. Finding that the order of the district court does not substantially comply with the decision and mandate of this Court in *Lieberman II*, we reverse and remand with directions.

## ISSUE

[¶ 2]   Wyoming.com requests this Court to review whether the district court's order on remand substantially complies with the mandate and opinion of this Court in *Lieberman II*.

## FACTS

[¶ 3]   Lieberman was a member of Wyoming.com. He withdrew as a member but not as an equity interest holder. Because the parties could not agree upon the financial consequences of Lieberman's withdrawal as a member, Wyoming.com filed a petition for a declaratory judgment requesting the district court determine the financial rights and obligations of the parties, if any, upon the withdrawal of a member. Upon review, this Court determined that Lieberman retained his ownership interest in Wyoming.com despite his withdrawal as a member. The operating agreements presented to this Court revealed that the parties never agreed that a buyout would be required when a member withdrew. The governing Wyoming statutes contain no provision that might fill this gap and provide for a buyout upon the withdrawal of a member. Given this void, *Lieberman II* held that there are no further rights or obligations that can be judicially declared with regard to the equity interest of Lieberman beyond the fact that Lieberman retains his equity interest.

1.   Wyoming.com requests this Court refer to it as Wyoming.com LLC in order to distinguish it from Wyoming.com, a Wyoming corporation, into which Wyoming.com LLC has allegedly merged. Wyoming.com Inc. has not been made a party to these proceedings. The only party of record is Wyoming.com LLC. Therefore, there is no need to make the distinction requested by Wyoming.com LLC.

[¶ 4]   Upon remand, both parties submitted respective drafts of a final order for the action. Eventually, the district court entered the following order, as drafted by Lieberman: [2]

The above cause having been appealed and reversed in *Lieberman v. Wyoming.com*, 2004 WY.1 [82 P.3d 274] [sic] decided on January 13, 2004 and on January 28, 2004 remanded with specific directions, this Court, now being fully advised, FINDS THAT E. Michael Lieberman maintains his equity interest in Wyoming.com unaffected by his termination as its Vice–President February 27, 1998 and his withdrawal from participation in the management of the company. There has been no divestment of his equity rights as an owner of the business known on February 27, 1998, as Wyoming.com LLC, it is, therefore

ORDERED that (1) the prior decision of the District Court in the above captioned cause is reversed, (2) that E. Michael Lieberman is and remains owner of his equity of the business known on February 27, 1998 as Wyoming.com LLC with all of the rights and responsibilities attendant thereto, and (3) that the [sic] Wyoming.com and its management take immediate steps to implement this Order.

Lieberman filed a motion for discovery after this order was entered, seeking discovery not only from Wyoming.com but also from its successor in interest (specifically naming "Wyoming.com," referring to the corporation, as the successor). The district court initially granted Lieberman's motion to compel discovery. Wyoming.com filed a motion for reconsideration, and the district court, without giving any specific reason, granted Wyoming.com's motion and vacated the order to compel.

2.   The caption of the order inadvertently became inverted, *e.g.*, Lieberman v. Wyoming.com LLC instead of Wyoming.com LLC v. Lieberman. We assume this oversight will be corrected upon remand.

[¶ 5]  Wyoming.com, believing the above order of the district court does not substantially comply with the holding of this Court in *Lieberman II*, filed a motion pursuant to W.R.C.P. 59 to alter or amend judgment. The district court denied the motion.  Wyoming.com then filed this appeal, continuing to argue that this order does not substantially comply with the findings of this Court in *Lieberman II*.

## DISCUSSION

[¶ 6]  Initially, it must be noted that Lieberman challenges the jurisdiction of this Court to hear this appeal on the grounds that it is only a motion for reconsideration in disguise; the time for a motion for reconsideration having long past.  We disagree with this characterization of the instant appeal. Wyoming.com is not challenging the substantive holdings of this Court in *Lieberman II*. Wyoming.com is only challenging whether the resulting order of the district court substantially complies with the mandate and opinion in *Lieberman II*.[3]

[¶ 7]  Having decided this Court has jurisdiction to review the order of the district court, we find the order does not substantially comply with the opinion and mandate of *Lieberman II*. The main flaw with the order is that it does not dismiss the underlying petition.  The only question at issue in this action for declaratory judgment regards the potential effects of Lieberman's withdrawal as a member on his equity interest.  In *Lieberman II*, this Court, in answering the specific issues raised, determined that the operating agreements reflect that Lieberman possesses an equity interest in Wyoming.com. 2004 WY 1, ¶ 16, 82 P.3d 274, ¶ 16. *Lieberman II* further held that Lieberman's withdrawal as a member, in and of itself, did not trigger any further financial rights or obligations from either party.  *Id.* at ¶ 17.

[¶ 8]  More specifically, *Lieberman II* held that no provision exists either in Wyoming statutes or the operating agreements of Wyoming.com requiring any particular disposition of a member's equity interest upon his withdrawal as a member.  Thus, Wyoming.com could not legally force Lieberman to sell his equity interest at any particular value, and Lieberman could not force Wyoming.com to buy his equity interest at any particular value.  This answered the question presented by Wyoming.com in its petition for declaratory judgment.  While not explicitly stated in the opinion, with the question answered, nothing remains but to dismiss the underlying petition.  No further proceedings are required to resolve this action.  Thus, any order entered pursuant to the mandate and opinion of this Court must include dismissal of the underlying petition.

[¶ 9]  The actions of Lieberman immediately following the entry of the order, as well as his argument on appeal, clearly reveal that he believes the action to be continuing and somehow jurisdiction has been acquired over the successor in interest of Wyoming.com and the order applies to such successor.[4] His attempt to pursue discovery of financial documents of Wyoming.com LLC and its successor in interest after the entry of the order obviously is based upon this belief.  On appeal, Lieberman argues that, under the current status of the case, "the needed declaration of the parties' rights requires further proceedings, so the District Court will know what has occurred in the Company since 1998 that affects those rights."  His error, however, is that the original question brought in the petition filed by Wyoming.com in no way relates to anything that has happened since the filing of the petition that

---

3.  We do note that this action would have been more properly raised as a writ of mandamus, but since the district court has had the opportunity to consider this issue, first when choosing between proposed orders, and then when it ruled on this issue in the context of Wyoming.com's motion to alter or amend judgment, we accept this appeal in its current form.  This is not without precedent.  Under almost identical circumstances, this Court has previously decided an appeal without comment as to the procedural posture of the appeal.  *See Sanders v. Gregory*, 652 P.2d 25 (Wyo.1982) (direct appeal of content of order of trial court entered pursuant to remand from this Court).

4.  Since the corporation is not a party to these proceedings it is impossible for the order to refer to the corporation.  Any argument by Lieberman to the contrary is frivolous.

might affect the rights of an equity interest holder. This basic procedural framework has never changed. Lieberman's attempt to obtain information regarding "what has occurred in the Company since 1998 that affects" the equity interest he held in Wyoming.com LLC at the time he withdrew as a member, while understandable, has no place in the current action.

### CONCLUSION

[¶ 10] This action can be summed up fairly easily. Lieberman withdrew as a member of Wyoming.com. The parties were uncertain of the financial consequences of such withdrawal so Wyoming.com filed a petition for declaratory judgment asking solely for a declaration of the financial rights and obligations of the parties, if any, upon the withdrawal of a member. The judicial answer to that question is that the withdrawing member simply retains his equity interest. The member's withdrawal does not trigger any forced buy-out procedure of the withdrawing member's equity.

[¶ 11] As specifically applied to this case, Lieberman simply retains his equity interest and nothing further is required of either party as a direct result of Lieberman's withdrawal as a member. Wyoming.com is not required to buy Lieberman's equity interest at Lieberman's asking price, and Lieberman is not required to sell his equity interest back to Wyoming.com at any specified buyout price. With the question answered, the petition should be dismissed. The order of the district court is reversed, and the case is remanded for the entry of an order consistent herewith.

KITE, Justice, specially concurring.

[¶ 12] I concur with the result reached by the majority in this matter solely because it is mandated by *Lieberman v. Wyoming.com LLC,* 2004 WY 1, 82 P.3d 274 (Wyo.2004). I joined Justice Lehman's dissenting opinion in that case because I found it more appropriate to allow a minority interest owner in an LLC a mechanism to realize the value of his equity interest. Given the majority's ruling that Mr. Lieberman owns an equity interest, but neither the operating agreement nor the statute provide a method for him to realize

the value of that interest, there is nothing left for the district court to order Wyoming.com LLC to do. Consequently, the order at issue in this case exceeded this Court's mandate. However, I suspect this is not the end of the story. We have not had the occasion to address Mr. Lieberman's rights as a minority owner in the LLC nor the obligations of the LLC to him as a minority interest owner. Those rights and responsibilities in the context of other forms of business organizations are well developed and may provide guidance in the realm of the LLC. *See* Harvey Gelb, *Fiduciary Duties and Dissolution in the Closely Held Business,* 3 Wyo. L.Rev. 547 (2003); Sandra K. Miller, *What Standards of Conduct Should Apply to Members and Managers of Limited Liability Companies?* 68 St. John's L.Rev. 21 (1994); and Franklin A. Gevurtz, *Squeeze-outs and Freeze-outs in Limited Liability Companies,* 73 Wash. U.L.Q. 497 (1995).

BRACKLEY, D.J., dissenting.

[¶ 13] I am concerned the majoritys third decision does not give the parties necessary direction on how to resolve their disputes. Therefore, I must respectfully dissent. I would dismiss this third appeal as premature and remand the case back to the trial court to determine the precise nature of Liebermans equity interest and remedies that may be available.

[¶ 14] *Lieberman II* remanded this matter to the trial court "for a declaration of the parties rights." 2004 WY 1, ¶ 19, 82 P.3d 274, ¶ 19. The "Order Upon Remand" entered by the trial court herein acknowledged this Courts ruling and ordered Wyoming.com LLC to do the same. Instead of officially recognizing Liebermans equity interest and documenting how the LLC intended on treating Lieberman in the future—Wyoming.com appealed. The appeal has the practical effect of "freezing out" Lieberman. Because of the unwarranted or premature appeal, Lieberman was prohibited from discovery and/or pursuing a specific remedy in the trial court; and the District Court was prohibited from deciding and adjudicating proper remedies.