BARKER BROTHERS, INC., a Wyoming Corporation, George J. Barker, Robert M. Barker, Gabriel B. Barker, Joseph E. Barker and Eugene C. Barker, co-partners doing business under the firm name and style of Barker Brothers Company, and Ernestine M. Barker, Appellants (Plaintiffs),

v.

Barbara Jo BARKER–TAYLOR and Douglas Taylor, Appellees (Defendants).

No. 90–287.

Supreme Court of Wyoming.

Jan. 15, 1992.

Sharon L. Kinnison, Holstedt & Kinnison Law Offices, P.C., Sheridan, for appellants.

Michael K. Shoumaker, Sheridan, for appellees.

Before URBIGKIT, C.J., and THOMAS, CARDINE, MACY and GOLDEN, JJ.

THOMAS, Justice.

The primary issue to be resolved in this case is whether, following a hearing held to consider a claim of exemption of property from garnishment or execution, a trial court can amend or modify a default judgment in the absence of notice that modification of default judgment will be addressed. The issues presented for review include contentions that the trial court should not have considered a claim for exemption when no attachment, garnishment, or execution proceeding was pending; should not have considered objections to the default judgment by the defendant against whom the judgment had been entered; should not have set aside any portions of the default judgment; and the plaintiffs should not be deprived of the benefit of effective relief against the defendant in default because claims still were pending against another defendant. In our view, the events that occurred in the trial court deprived plaintiffs of due process of law because relief in the form of modification of the judgment was afforded in absence of any notice to plaintiffs and without a hearing on that question. We reverse the order of the district court, and remand the case to permit furnishing of appropriate notice to be followed by a hearing on the issues set forth in the notice.

Barker Brothers, Inc., George J. Barker, Robert M. Barker, Gabriel B. Barker, Joseph E. Barker and Eugene C. Barker, copartners doing business under the name of Barker Brothers Company, and Ernestine M. Barker (Barker Brothers) set forth these issues in their Brief of Appellant:

"1. Whether the Court should have heard an exemption claim when there were no pending attachments, executions or garnishments and when the Judgment imposed a constructive trust upon the property in question.

"2. Whether the Court should have considered the Defendant's objections to the Default Judgment when she had not filed an Answer and made no showing under Rule 55(c) of the Rules of Civil Procedure.

"3. Whether the Court should have set aside portions of the Default Judgment entered upon a verified Complaint and evidence of amount of damages.

"4. Whether Plaintiffs should be deprived of all effective relief from an Order setting aside portions of a default judgment entered against one defendant, just because the Complaint against another defendant in the case is still pending."

Barbara Jo Barker–Taylor (Barker–Taylor) and Douglas Taylor (Taylor) rephrase those issues in their Brief of Appellees in this way:

"1. Did constructive trusts exist in this case?

"2. Did the District Court have the right to reserve a summary judgment until evidence of a constructive trust was submitted?"

We necessarily must rely in part upon unchallenged facts set forth in the briefs of the parties, since those facts are not addressed in the record. Douglas Taylor and Barbara Jo Barker were married on July 31, 1987. Barker–Taylor had been employed as a bookkeeper by Barker Brothers from approximately 1975 until her discharge on June 9, 1989. Barker Brothers, Inc. was a general contracting firm in the city of Sheridan, and Barker Brothers Company operated a trailer court in the town of Ranchester. Barker–Taylor was charged with and convicted of embezzling funds from her employer, Barker Brothers. Barker Brothers then brought this civil action alleging fraud and wrongful conversion of funds and seeking to recover those funds from Barker–Taylor and Taylor.

It is necessary to furnish a somewhat detailed description of the pleading aspect of the case, including motions filed by the parties, hearings that were held on those motions, and the orders that both granted and denied those motions. This information is fundamental to an understanding of the problem in this case. When the complaint was filed on April 25, 1990, a motion for pre-judgment attachments and garnishments also was filed by Barker Brothers. That motion was granted by the trial court

on April 25, 1990. The pre-judgment writs of attachment and garnishment were returned reporting, however, that there were no funds or other property available for attachment. Subsequently, the district court released the garnishment bond on June 25, 1990. On April 30, 1990, Barker Brothers had also filed a motion for a temporary restraining order seeking to prevent Barker–Taylor and Taylor from selling, attempting to sell or, in any other way, encumbering or disposing of certain real and personal property. While the reason is not clear from the record, that motion never was heard.

On May 16, 1990, Taylor filed an answer to the complaint together with a counterclaim against Gabriel Barker. Taylor denied all of the allegations in the complaint except those that dealt with residency and the prior conviction of Barker–Taylor. Taylor also denied any knowledge of wrongdoing on the part of Barker–Taylor. The matter addressed in the counterclaim was an ancillary one, and Barker Brothers filed a motion to dismiss the counterclaim on May 25, 1990, relying upon Rule 13, W.R.C.P. That motion was granted on July 30, 1990.

Barker–Taylor failed to answer the complaint and, on August 27, 1990, default judgment was entered against her. The default judgment included a permanent injunction prohibiting the sale of certain real estate, a mobile home together with specified furnishings inside of the mobile home, specific vehicles identified by title number, and other miscellaneous property. In addition, the default judgment provided that the title to real estate should be conveyed to Barker Brothers by a deed and the personal property listed was held by Barker–Taylor in constructive trust for the use and benefit of Barker Brothers.

On September 6, 1990, Taylor and Barker–Taylor both filed an exemption claim with respect to the default judgment asserting that the property either was solely owned by Taylor or was owned by Taylor and Barker–Taylor in a tenancy by the entirety, making it exempt from execution in accordance with Wyoming law. The hearing on this claim of exemption was held on October 3, 1990, and Barker Brothers and Taylor and Barker–Taylor all were represented by counsel. Taylor and Barker–Taylor argued that, after the default judgment was entered against Barker–Taylor, the attempted pre-judgment attachment against all of the joint property was premature because there was no judgment entered against Taylor. They apparently agreed the order granting default judgment against Barker–Taylor was proper, but then urged that the part of that judgment preventing the transfer of property in which Taylor had an interest was invalid. Barker Brothers contended a constructive trust existed with respect to that property from the time Barker–Taylor purchased it with money she had embezzled from Barker Brothers.

On October 15, 1990, the district court entered its order vacating the portion of the default judgment granting the permanent injunction; the portion requiring that title be transferred to Barker Brothers; the portion imposing a constructive trust on the personal property, and the portion requiring an accounting. The court's order reads:

" * * * No evidence has been presented to this Court indicating that the funds embezzled by the Defendant Barker–Taylor were used to purchase said property thereby creating any constructive trust. All that has been demonstrated is that the Defendant Barker–Taylor did embezzle funds of the Plaintiffs and that at some time, either Defendant Barker–Taylor, or Taylor, or both, purchased or otherwise acquired this property. No other evidence of any connection between the embezzled funds and the property has been offered."

Barker Brothers appealed from that order on October 30, 1990 and, on December 24, 1990, Barker–Taylor and Taylor filed a Motion to Dismiss the Appeal for Lack of Jurisdiction, asserting that the order sought to be appealed was not a final order since it did not comply with Rule 54(b), W.R.C.P., and that the majority of the property to be addressed in connection with

the appeal was held in tenancies by the entireties as to which no final adjudication could be made until the case against Taylor had been completed. Barker Brothers responded to this motion on January 4, 1991 and, on January 7, 1991, this court dismissed the appeal for lack of jurisdiction in accordance with the grounds asserted in the motion. Barker Brothers filed their petition for reinstatement of the appeal on January 16, 1991 and, on January 25, 1991, we denied the petition for reinstatement, but treated the pleading as a petition for writ of certiorari, which was granted. Further action in the trial court was stayed upon granting the petition for writ of certiorari.

On November 9, 1990, prior to the time that the writ of certiorari was granted, Taylor had filed a motion for summary judgment in the trial court. That motion was supported by his affidavit in which he stated that none of the funds that were taken from Barker Brothers were used to purchase the real estate in question that was owned by Taylor and Barker–Taylor in a tenancy by the entirety and, further, that the funds were not used to purchase certain personal property owned by Taylor prior to his marriage to Barker–Taylor. Taylor also stated that no constructive trust applied to the listed real and personal property and he did not accept for his use and benefit any proceeds of the embezzlement with knowledge that the funds had been wrongfully taken by Barker–Taylor. The district court granted the summary judgment in favor of Taylor on January 18, 1991, ruling that there was no genuine issue as to any material facts to inhibit the entry of judgment in favor of Taylor. No appeal has been taken from the order granting summary judgment.

■ Our grant of certiorari on January 25, 1991, was pursuant to Article 5, Section 3, of the Constitution of the State of Wyoming, which states, in pertinent part:

" * * * The supreme court shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction."

A writ of certiorari is a discretionary writ issuable when there is no other adequate remedy. *State ex rel. Pearson v. Hansen,* 409 P.2d 769 (Wyo.1966). In this case, there was not a final order or judgment as defined in Rule 1.05, W.R.A.P., at the time the initial notice of appeal was filed. Neither were the requirements of Rule 54(b), W.R.C.P., satisfied. Taylor then was still involved in the trial court proceedings, and no final order or judgment existed so far as his interest was concerned until the motion for summary judgment was granted on January 18, 1991. *See Dexter v. O'Neal,* 649 P.2d 680 (Wyo.1982); *Public Service Commission v. Lower Valley Power & Light, Inc.,* 608 P.2d 660 (Wyo.1980).

■ The primary issue to be resolved in this case is whether, after the claim for exemption was filed by Taylor and Barker–Taylor, the trial court could amend or modify the default judgment against Barker–Taylor following the hearing on the exemption claims. It is clear that, when there are several defendants, a default judgment against only one of the defendants does not dispose of all the issues and default judgment is only appealable if the court directs the entry of a final judgment and makes an express determination that there is no just reason for delay and an express direction for the entry of that judgment. Rule 54(b), W.R.C.P.; *Hoback Ranches, Inc. v. Urroz,* 622 P.2d 948 (Wyo.1981); *Hayes v. Nielson,* 568 P.2d 905 (Wyo.1977); *Ambariantz v. Cunningham,* 460 P.2d 216 (Wyo.1969), *Reeves v. Harris,* 380 P.2d 769 (Wyo.1963). The default judgment in this case did not include the appropriate language that Rule 54(b), W.R.C.P., demands. Taylor was still an active defendant in the case, and the last part of Rule 54(b), W.R.C.P., makes it clear that, until a final order is entered, the original decision can be revised. In that respect, Rule 54(b) provides, in pertinent part:

" * * * In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of few-

er than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of *decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."* (Emphasis added.)

It follows that the trial court had jurisdiction to amend or mòdify the default judgment against Barker–Taylor up until the time that the order was entered granting summary judgment in favor of Taylor. At that point, all of the pending claims and the rights and liabilities of Taylor were adjudicated, and the default judgment against Barker–Taylor became final when the summary judgment was entered in favor of Taylor. The trial court did have jurisdiction to modify the default judgment on October 15, 1990.

 Still, when an order is to be amended or modified, the parties are entitled to due process of law. The dispositive issue in this case then is whether due process was afforded to Barker Brothers in connection with the hearing on the claims for exemption from execution or garnishment. The other issues raised by these appellants will not be addressed except as a corollary to this controlling question.

Due process of law includes notice and an opportunity to be heard. That notice and the opportunity to be heard are unquestionably incidental to affording due process of law. *See Bjugan v. Bjugan,* 710 P.2d 213 (Wyo.1985); *Tanner v. Tanner,* 482 P.2d 443 (Wyo.1971); *State ex rel. Blonder v. Goodbrod,* 77 Wyo. 126, 307 P.2d 1073 (1957). Due process of law is guaranteed to a party who has a legitimate property interest at stake under the Fourteenth Amendment of the Constitution of the United States [1] and Article 1, Section 6

of the Constitution of the State of Wyoming.[2] Barker Brothers does have a property interest at stake in this case.

Barker–Taylor embezzled money from Barker Brothers and, according to the allegations of the complaint, subsequently used that money to purchase both real and personal property. Barker–Taylor admitted she had purchased property with the money she had taken from Barker Brothers when she failed to answer the complaint. Barker Brothers then contend that a constructive trust was established once the embezzled funds were used to purchase property, both real and personal. By the complaint and, subsequently, the language of the default judgment, Barker Brothers sought to enjoin the sale of property owned either solely by Taylor, solely by Barker–Taylor, or that owned by them jointly as tenants by the entirety if that property had been purchased in whole or in part with funds embezzled from Barker Brothers.

Before a property interest like that claimed by Barker Brothers can be terminated, due process of law must be afforded to that party in the form of notice and a meaningful opportunity to be heard. *Lawrence–Allison & Associates West, Inc. v. Archer,* 767 P.2d 989 (Wyo.1989). The notice that was given in this case was of a hearing on the claims of Taylor and Barker–Taylor for exemption from garnishment or execution. On August 27, 1990, a "Judgment and Notice of Right to Hearing" was mailed to Barker–Taylor. On September 6, 1990, Taylor and Barker–Taylor filed their claims for exemption as to certain property together with a request for a hearing. An order was entered on September 21, 1990 setting for hearing the claims of Barker and Barker–Taylor for exemption. This notice was not adequate to suggest in any way that the default

**1.** The Fourteenth Amendment to the Constitution of the United States provides:

"All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any

person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**2.** Article 1, Section 6, of the Constitution of the State of Wyoming provides:

"No person shall be deprived of life, liberty or property without due process of law."

judgment would be amended or modified, and no other notice was given. Barker Brothers attended court on the hearing date expecting to contest the claims for exemption. Barker Brothers did just that, and it was only after the trial court issued the order to modify the default judgment that Barker Brothers realized that, in some way, they were expected to prove more facts at the hearing.

The modification of the default judgment, without notice or an opportunity to be heard, violates due process of law. The due process requirements are met where the notice that is given is not misleading and sufficiently apprises the parties of the issues in controversy. *White v. Board of Trustees of Western Wyoming Community College,* 648 P.2d 528 (Wyo.1982), *cert. denied* 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983). That notice must be given, and it must afford the opposing party a reasonable opportunity to know the claims of the moving party and to meet them. *White.* We conclude that, in this case, the notice of the hearing on the exemption claims was inadequate to advise Barker Brothers that they should address any modification of the default judgment.

Since the notice was inadequate, Barker Brothers had no real opportunity to defend at the hearing they attended. When the hearing resulted in an amendment to the default judgment, they were deprived of the basic essential requirements of due process of laws as provided in the Constitution of the United States and the Constitution of the State of Wyoming. We reverse the order modifying the default judgment and remand the case to the trial court in order that an appropriate notice of an effort to modify the default judgment can be furnished, which then can be followed by a hearing on the issue noticed.