**Lynda L. LOGHRY, Appellant (Defendant),**

v.

**David A. LOGHRY, Appellee (Plaintiff).**

**No. 95–207.**

Supreme Court of Wyoming.

July 3, 1996.

Billie Ruth Edwards of Edwards & Johnson, Cheyenne, for Appellant.

Vincent P. Foley, Cheyenne, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

The single issue for resolution is whether a trial setting notice in a divorce action served upon a party, but not upon the party's attorney, satisfies the requirements of constitutional due process. After counsel appeared for the defendant in the divorce action, a notice of trial setting allegedly was served by mail upon the defendant, but was not served upon her counsel. When a party is represented by an attorney, Wyo.R.Civ.P. 5(b) requires that service be made upon the attorney, unless the court orders otherwise. We hold, under the circumstances of this case, the notice of trial setting did not satisfy the constitutional requirements of due process of law. The Order Denying Motion to Set Aside Final Decree of Divorce is reversed, and the case is remanded for trial on all issues that could have been heard at the initial trial of this case.

The single issue presented for review in the Brief of Appellant Lynda L. Loghry (wife) is:

1. Whether the lower court erred in denying defendant's motion to set aside, in part, final decree of divorce and to reinstate trial date.

That issue is similarly stated in the Brief of Appellee David A. Loghry (husband):

1. Whether lack of notice to Appellant's attorney, though Appellant had notice and opportunity to be heard and defend is sufficient error to set aside final decree of divorce and remand for trial.

The husband filed a complaint for divorce against the wife on November 30, 1994. Service of the summons and complaint was accomplished, and the wife filed an answer *pro se*, which she failed to sign although it was acknowledged by a notary public. She also failed to include her address and telephone number. The answer was served upon counsel for the husband. In a General Order Setting Cases for Various Purposes and Order Dismissing Cases, the case was set for trial along with four other cases at 1:30 p.m. on February 8, 1995.

On January 9, 1995, the husband filed a Motion to Find Defendant in Default, asserting as justification the wife's failure to declare she was filing an answer *pro se*, her failure to sign the document, and her failure to include any form of address or telephone number in violation of Wyo.R.Civ.P. 11. This motion also asserted the time for filing a proper answer had expired. An Order Finding Defendant in Default tracking the husband's motion was entered, and that was followed by the husband's Affidavit for Divorce filed January 31, 1995. In a pleading styled "Letter to Judge Grant," filed February 6, 1995, the wife, continuing to act *pro se*, endeavored to explain and cure the deficiencies in the answer. At the same time, she endeavored to comply with the pretrial order of the court. On March 1, pursuant to another general order, the case was set for trial with four other cases at 9:00 a.m. on May 2, 1995. A new Order for Pretrial Conference was attached to the setting order.

At that juncture, the critical fact occurred when an Entry of Appearance was filed by counsel for the wife on March 22, 1995. By a General Order Vacating and Resetting Trial

entered on March 29, 1995, this case was moved to April 11, 1995 at 9:00 a.m. along with four other cases. That order still reflected the wife as appearing *pro se.* It also included an additional Order for Pretrial Conference. On April 11, the date set for trial, a Final Decree of Divorce was entered at the behest of the husband.

On April 13, 1995, counsel for the wife filed a Motion to Set Aside, in Part, Final Decree of Divorce and to Reinstate Trial Date of May 2, 1995. The motion states counsel had no notice of the change of trial date from May 2, 1995 and did not, therefore, attend the trial. The brief of the husband states the wife was not present either. The motion was noticed for hearing on April 28, 1995 and, apparently, the hearing was held because, in a letter filed on May 19, 1995, the district judge alluded to a recent hearing on the motion. In the letter, the judge stated the records of the clerk of the district court indicated a copy of the amended order was mailed to the wife at her address on March 31, 1995. The judge admitted, however, that this was not a matter of record in the court and suggested the record be supplemented by an affidavit of a deputy clerk in charge of the records.

An Order Denying Motion to Set Aside Decree of Divorce was entered on June 13, 1995, but it was not until August 4, 1995, almost a month after the wife's notice of appeal was filed on July 13, 1995, that the suggested affidavit was placed in the court file. The thrust of the affidavit was simply that the mass setting was mailed to the defendant listed on the setting as *pro se* at her address **on March 6, 1995.** The affidavit noted the documents had not been returned to the office of the clerk by the postal service. Nothing suggests any effort to notify counsel who had appeared on March 22, 1995. Furthermore, the affidavit does not even relate to the critical order entered on March 29, 1995. That order could not have been sent to the wife on March 6, 1995 because it was not even in existence at the earlier date. This leaves the record devoid of evidence of notice of the last trial setting even to the wife.

The Final Decree of Divorce makes several scurrilous allusions to the wife's conduct and character; awards custody of the minor children to the husband; requires the wife to pay $188 per month child support commencing more than two months prior to the date of the decree; and also divides the property of the parties. This record contains every indication of a *pro forma* divorce practice, which resulted in the presentation of a decree and an order to the district judge who, unfortunately, relied upon erroneous representations of counsel. The appeal is taken by the wife from the order denying her motion to set aside the decree in part.

The wife contends that, pursuant to WYO. R.CIV.P. 5(b), when a party is represented by an attorney, service of court orders is required to be made upon the attorney and not upon the party. The wife contends service of the March 29, 1995 order was insufficient because of the failure to comply with the rule. As noted above, the record fails to establish the critical order was sent even to the wife. She argues the result was that she was denied an opportunity to appear and be heard, that is, she received no notice of the hearing and, thus, was deprived of her opportunity to be heard. She concludes the product of this error is that the final decree of divorce was erroneously entered, and the trial court erred in denying her motion to set aside the final decree of divorce.

The husband's counterargument is that, in spite of the clerk of court's failure to serve the notice of rescheduling on the wife's attorney, the clerk did serve the document on the wife. We have pointed out that the record does not support this fact, because the affidavit by the deputy clerk of court supports only the service of an earlier order on the wife when she was representing herself. Nevertheless, the husband argues the wife was afforded due process; she declined, directly and indirectly, to respond to the notice of the trial setting; she failed to secure due process by not consulting with her attorney about the rescheduling; and she failed to appear to defend. The husband asserts the Order Denying Motion to Set Aside Final Decree of Divorce should be upheld. We re-emphasize that the record does not support notice of the

last trial setting even to the wife, and the argument that the service upon her was sufficient, even though the provisions of WYO. R.CIV.P. 5(b) were not met, is inappropriate and misleading to the court.

█ The Fourteenth Amendment to the Constitution of the United States, binding upon the states, provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." In Article 1, § 6 of the Constitution of the State of Wyoming, a parallel provision appears, "[n]o person shall be deprived of life, liberty or property without due process of law." Our rule is that due process extends to and is required in divorce actions:

> " 'It is basic that, **before** a property interest can be terminated, except in emergency situations, due process must be afforded to litigants in the form of notice and a **meaningful** opportunity to be heard.' " *Sandstrom v. Sandstrom*, 880 P.2d 103, 106 (Wyo.1994) (*quoting Lawrence–Allison and Associates West, Inc. v. Archer*, 767 P.2d 989, 997 (Wyo.1989)) (emphasis in original).

*Murray v. Murray*, 894 P.2d 607, 608 (Wyo. 1995); *see also Tageant v. Tageant*, 909 P.2d 322, 323 (Wyo.1996).

In *Hall v. Hall*, 708 P.2d 416, 421 (Wyo. 1985), we addressed custody:

> "The right to associate with one's immediate family is a fundamental liberty protected by the state and federal constitutions." *DS v. Department of Public Assistance and Social Services*, Wyo., 607 P.2d 911, 918 (1980). Resolution of which parent shall have custody necessarily implicates the fundamental right of family association. Accordingly, a court must afford a parent notice and a meaningful opportunity to be heard before it can deny the parent custody of his or her children.

In *Michael v. Hertzler*, 900 P.2d 1144, 1148 (Wyo.1995), we identified that fundamental right as a liberty interest:

> In fleshing out the concept of a liberty interest, the Supreme Court of the United States has said a liberty interest "denotes not merely freedom from bodily restraint but also the right of any individual to

* * * establish a home and bring up children." *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923). In a local context, the United States district court has ruled that liberty under the due process clause is broader than freedom from bodily restraint. *Moore v. Wyoming Medical Center*, 825 F.Supp. 1531 (D.Wyo.1993). This right of privacy is inherent in the concept of ordered liberty according to one author. Michael J. Minerva, Jr., Grandparent Visitation: The Parental Privacy Right to Raise Their "Bundle of Joy," 18 FLA.ST. U.L.REV. 533, 540–41 (1991). The right supports parents in making decisions regarding the care and company of their children with minimal government intervention, and we hold that Hertzler has presented a protected liberty interest in the context of his right of privacy.

The due process right to notice is secured by WYO.R.CIV.P. 5 where we say, in pertinent part:

> (a) *Service; when required.*
>
> (1) Except as otherwise provided in these rules, **every order required by its terms to be served,** every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper **shall be served upon each of the parties.**
>
> \* \* \* \* \* \*
>
> (b) *Service; how made.*—**Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the court.** Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by transmitting it to the attorney or party at the attorney's or party's last known address by mail or by other equally reliable means, including fac-

simile transmission, or, if no address is known, by leaving it with the clerk of the court. (Emphasis added.)

■ As of the time of the last trial setting, no notice of which was given to the wife, the wife had both property and liberty interests present in the divorce proceeding. We think there is no question the requirements of Wyo.R.Civ.P. 5(b) are mandatory. In addressing the connotation of "shall," as it was used, not in the rules of civil procedure, but as it was used in W.R.Cr.P.J.C. 23(c), we said:

> This court in a much earlier day observed that when the word "shall" was employed, it was usually legally accepted as mandatory, *Mau v. Stoner*, 14 Wyo. 183, 83 P. 218, 219. Also, see *Fear v. Crane* [*In re Crane*], 344 Pa. 624, 26 A.2d 457, 459. In construing statutes, "Unless the context otherwise indicates the use of the word 'shall' (except in its future tense) indicates a mandatory intent," 1A, Sutherland Statutory Construction, § 25.04, p. 301 (4th Ed. Sands); *Ginnavan v. Silverstone*, 246 Md. 500, 229 A.2d 124, 127.

> Orderly judicial administration is dependent upon procedural rules, and in order to assure uniform and timely disposition of appeals they must be enforced and not relaxed or changed at the whim of any court. See *United Mine Workers of America District No. 23 v. Morris, Ky.*, 307 S.W.2d 763, 765. **Reasonable adherence to the rules of the court is necessary to the proper administration of justice.** *Zier v. City of Powell*, Wyo., 526 P.2d 63.

*Mayland v. State*, 568 P.2d 897, 899 (Wyo. 1977) (emphasis added).

This language is pertinent, and it is as applicable to our rules of civil procedure as it is to the minor court criminal rules.

We previously have said, in requiring due process in civil litigation:

> Due process of law includes notice and an opportunity to be heard. That notice and the opportunity to be heard are un-questionably incidental to affording due process of law. *See Bjugan v. Bjugan*, 710 P.2d 213 (Wyo.1985); *Tanner v. Tanner*, 482 P.2d 443 (Wyo.1971); *State ex rel. Blonder v. Goodbrod*, 77 Wyo. 126, 307 P.2d 1073 (1957). Due process of law is guaranteed to a party who has a legitimate property interest at stake under the Fourteenth Amendment of the Constitution of the United States and Article 1, Section 6 of the Constitution of the State of Wyoming.

*Barker Bros., Inc. v. Barker–Taylor*, 823 P.2d 1204, 1208 (Wyo.1992) (footnotes omitted).

■ Rule 5(a), Wyo.R.Civ.P., required service of the new trial scheduling order. The order required counsel contact district court chambers "within ten days of receipt of this order" and, by implication, its terms required it to be served on counsel. In mandatory terms, Wyo.R.Civ.P. 5(b) requires service on the attorney for the party. Nothing in the record indicates that, in this instance, service on the party rather than counsel was ordered by the court, and **service was not even made on the party.** This requirement incorporated in our civil rules clearly intends to protect the constitutional right of parties to notice and an opportunity to be heard. Furthermore, the orderly administration of justice is dependent upon these rules, and it is important to enforce them for that purpose.

We hold the wife, Lynda L. Loghry, was deprived of her constitutional right to notice and an opportunity to be heard in this case. The district court erred in entering its Order Denying Motion to Set Aside Final Decree of Divorce, and that order is reversed. The case is remanded to the district court for trial.