Stephen H. PECHA; Steven K. Bentley, P.C.; Steven K. Bentley; Mark Dorr; and Barbara Elizabeth Dorr, Appellants (Defendants),

v.

SMITH, KELLER & ASSOCIATES, a Wyoming general partnership, Appellee (Plaintiff).

SMITH, KELLER & ASSOCIATES, a Wyoming general partnership; and Thomas M. Hogan, as Bankruptcy Trustee for Dorr & Associates, a partnership, Appellants (Plaintiffs),

v.

DORR, BENTLEY & PECHA, a partnership; Dorr, Bentley & Pecha, Certified Public Accountants, a Limited Liability Company; Steven K. Bentley; Steven K. Bentley P.C.; Mark Dorr; Dorr, Bentley & Pecha, P.C.; Dorr, Bentley & Pecha, a CPA Network; Barbara Elizabeth Dorr; and Stephen H. Pecha, Appellees (Defendants).

Nos. 96–86, 96–87.

Supreme Court of Wyoming.

July 14, 1997.

Greg L. Goddard, of Goddard, Perry & Vogel, Buffalo, for Appellants in No. 96–86 and Appellees in No. 96–87.

Don W. Riske, of Riske & Arnold, P.C., Cheyenne; Patrick Vellone, of Vinton, Nissler, Allen & Vellone, P.C., Denver, CO; and G. Kevin Keller (argued), Cheyenne, for Smith, Keller & Associates.

Ernest W. Halle, Cheyenne, for Chapter 7 Trustee for Dorr & Associates.

Before THOMAS, GOLDEN, LEHMAN, JJ., VOIGT, District Judge, and KAUTZ, District Judge.

THOMAS, Justice.

These appeals are taken from a Trial Decision/Order entered by the trial court after the case had been remanded for further proceedings by this Court. The case represents a third effort by the partners (actually two partnerships) in an accounting firm, Dorr, Keller, Bentley & Pecha (DKBP), to have this Court adjust the obligations flowing from the dissolution of the accounting partnership. The first efforts are represented by our opinions in *Dorr, Keller, Bentley & Pecha v. Dorr, Bentley & Pecha*, 841 P.2d 811 (Wyo.1992) (*Dorr I*) and *Smith, Keller & Associates v. Dorr & Associates*, 875 P.2d 1258 (Wyo.1994) (*Dorr II*). The focal issue of this case is the right of Smith, Keller & Associates (SKA), or the Trustee in Bankruptcy for Dorr & Associates (Trustee) to recover damages from Stephen H. Pecha; Steven K. Bentley, P.C.; Steven K. Bentley; Mark Dorr; and Barbara Elizabeth Dorr (collectively the Dorr Faction) for breach of their fiduciary duty, owed to DKBP, by violating a covenant not to compete. Additional issues raised by the parties include the enforceability of arbitration awards against the Dorr Faction, and a ruling that the Trustee failed to raise claims against the new firm within the statutory period of time. The District Court awarded judgment in favor of SKA against the Dorr Faction in the amount of $112,716.00 for breach of a fiduciary duty owed to DKBP and $1,451.96 for the value of *work in process*. It denied all other relief in accordance with its opinion letter, specifically incorporated by reference in the Judgment. We hold that any damages attributable to any violation of the covenant not to compete were included in the damage award made by the arbitrators on August 24, 1989, and the judgment for $112,716.00 for breach of a fiduciary duty must be reversed. We affirm the district court in all other respects.

In the Brief of Appellants in No. 96–86 and Appellees in No. 96–87, filed on behalf of the Dorr Faction, the issues are set forth as follows:

## ISSUE ONE

What is the effect of the court's ruling in Dorr II?

## ISSUE TWO

Can a covenant-not-to-compete be imputed by the court where none otherwise exists?

## ISSUE THREE

Assuming, arguendo, that the Dorr Faction is subject to a covenant-not-to-compete, what are the damages, pursuant to *Hopper*, for a violation of the covenant?

In the Brief of Appellee in No. 96–86: Smith Keller & Associates, two issues are identified:

I. Whether the Wyoming Supreme Court has jurisdiction to determine matters regarding the Dorr, Keller, Bentley & Pecha partnership in contravention to the arbitration process and the three (3) resultant awards.

II. Whether the district court correctly found that removal of the covenant not to compete from the Dorr & Associates partnership agreement just prior to filing bankruptcy resulted in a fraudulent conveyance rendering the partnership insolvent and unable to pay its creditors, specif-

ically Smith, Keller & Associates and the Dorr, Keller, Bentley & Pecha partnership but failed to award the full amount of damages.

The Reply of Brief of Appellants (96–86), filed on behalf of the Dorr Faction, sets forth two additional issues:

## ISSUE ONE

With regard to SKA, did the trial court actually find a fraudulent conveyance?

## ISSUE TWO

Is there a valid covenant-not-to-compete in this case binding all of the Dorr defendants?

In the Brief of Appellants: Smith Keller & Associates and Thomas M. Hogan, Trustee for Dorr & Associates, filed in Case No. 96–87, these issues are recited:

I. Whether the district court exceeded its jurisdiction by determining that there is no enforceable covenant not to compete in the Dorr, Keller, Bentley & Pecha partnership agreement in direct contravention to the specific language of the confirmed, unappealed arbitration awards.

II. Whether the district court erred by ruling that the second and third confirmed, unappealed arbitration awards rendered in the firm name of Dorr & Associates, a Wyoming general partnership, were unenforceable against the individual partners of Dorr & Associates.

III. Whether the district court erred in determining that the Bankruptcy Trustee failed to raise the claims of Dorr & Associates within the statutory period of time.

In the Brief of Appellees (No. 96–87), the Dorr Faction identifies the issues, in the appeal by SKA and the Trustee, as these:

## ISSUE ONE

Did the district court exceed its jurisdiction by determining that there is no enforceable covenant-not-to-compete?

## ISSUE TWO

Did the district court correctly rule that the third arbitration award could not be applied against the Dorr Faction individually when there was no hearing and they were not allowed to participate?

## ISSUE THREE

Did the district court correctly rule that the Bankruptcy Trustee failed to raise claims of Dorr & Associates within the statutory period of time?

We summarize, briefly, the facts as they have been reflected in *Dorr I* and *Dorr II*. On January 1, 1988, DKBP was formed by two general partnerships, Dorr & Associates and SKA, and that partnership then was comprised of the parties now known as the Dorr Faction of Gillette, and SKA, a general partnership operating in Cheyenne. The partnership agreement contained a covenant not to compete. It also provided a specific procedure for dissolution within the first twenty-four months of the partnership. The partnership agreement provided that SKA or Dorr & Associates could dissolve the partnership without the consent of the other by providing thirty days notice. If dissolution was accomplished by this procedure, the DKBP partnership agreement provided: "In this case only, each party shall take back those assets and/or liabilities it brought to the partnership." SKA invoked this provision of the DKBP partnership and dissolved the partnership on May 4, 1989. Further in accordance with the terms of their agreement, SKA and Dorr & Associates entered into arbitration to settle their affairs.

The first arbitration culminated in an award made on August 24, 1989 pursuant to which Dorr & Associates (Dorr Faction) was to pay SKA $105,163.78 in unpaid compensation and damages. Following the award, the Dorr Faction, as Dorr & Associates, rescinded its own covenant not to compete, previously binding among the members of the partnership, so that the individuals could be free to form new entities. In February of 1990, Dorr & Associates declared a Chapter 11 bankruptcy, which later became a Chapter 7 bankruptcy. A trustee was appointed by the bankruptcy court to represent solely the now defunct Dorr & Associates entity, while the Dorr Faction formed new entities and essen-

tially continued business as usual. At that juncture, SKA continued the arbitration proceedings with the Trustee representing Dorr & Associates, but without any representation of the individual members of the Dorr Faction, to settle additional questions about the dissolution of DKBP. The arbitrators announced a second award on July 30, 1990, which held the members of the Dorr Faction liable for additional damages to SKA. After that, the arbitrators announced a third award in favor of SKA on August 22, 1994, against the members of the Dorr Faction, but based, like the July 30, 1990 order, only on participation from SKA and the Trustee in bankruptcy. The arbitration proceedings then merged into actions to have the district court enforce the arbitration awards.

The parties are now visiting this Court for the third time regarding their dissolution. The first opinion was filed in this Court in 1992, in *Dorr I*. In that first case, we held, among other rulings, that full effect had not been given to the arbitration awards dated August 24, 1989 and October 1, 1989 (a *nunc pro tunc* order). In the second case before this court, *Dorr II*, we held that the arbitration did not terminate the DKBP partnership. We ruled that termination occurs only after the partnership affairs have been wound up following dissolution. With respect to this case, *Dorr II* specifically decided that SKA was entitled to an award for *work in process* during the winding up stage of DKBP.

Following the decision in *Dorr II* and the third arbitration, the parties revisited the district court. SKA and the Trustee in bankruptcy sought confirmation of the third arbitration award, and they endeavored to renew claims against the Dorr Faction for the breach of a fiduciary duty, that is violation of a covenant not to compete found in the original DKBP agreement and for fraudulent conveyance of assets. The fraudulent conveyance related to the Cheyenne client base, originally brought into the DKBP partnership by SKA. The Dorr Faction appeared to defend both old and new claims by SKA and the Trustee in bankruptcy.

The district court ruled that only the partnership (Dorr & Associates) was represented by the Trustee in bankruptcy in the second and third arbitration proceedings. The court held that the individuals originally comprising the partnership of Dorr & Associates (the Dorr Faction) were not furnished notice or an opportunity to be heard, and they were not bound by any agreements or arbitration award under the circumstances. The district court also ruled that the dissolution of DKBP on May 4, 1989 did away with any covenant not to compete found in the DKBP agreement. The district court further held that, while the Dorr Faction had taken over the Cheyenne client base, this was not a fraudulent conveyance.

The issue that the district court ruled upon that resulted in this appeal by the Dorr Faction relates to its finding that the deletion by the Dorr Faction of the covenant not to compete clause in their own partnership agreement, while that partnership was involved in the dissolution of DKBP (approximately one month prior to declaring bankruptcy), constituted a breach of a fiduciary duty to DKBP. The district court held that SKA, as a liquidating partner of DKBP, could enforce the fiduciary duty owed by the Dorr Faction. With respect to the fraudulent conveyance claim asserted by the Bankruptcy Trustee, however, the court ruled that those claims against the Dorr Faction were barred by the four year statute of limitations.

The issue of whether the arbitrators exceeded their authority primarily is a question of law. *JBC of Wyoming Corp. v. City of Cheyenne*, 843 P.2d 1190, 1194 (Wyo. 1992). A question of law is reviewed *de novo* by this Court as an exercise of its plenary authority, and no deference is given to the determination by the trial court that grounds existed for vacating the arbitration award. As a general rule, this Court is reluctant to disturb an arbitrator's resolution of a controversy. As we said in *JBC of Wyoming*, 843 P.2d at 1194:

> Because of its voluntary, informal nature, awards made in arbitration are subject to less intensive scrutiny than are, for example, the orders of administrative agencies. *See* W.S. 16-3-114. The reviewing court must observe the principle that arbitrators are free to fashion forms of relief which

could not be ordered by a court in law or equity. W.S. 1–36–114(a)(v). Furthermore, we are reluctant to disturb an arbitrator's just solution to a controversy, even if it differs from the resolution we might have chosen, had we been in the arbitrator's place.

■ Our cases hold that due process of law is guaranteed to any party who has a legitimate property interest at stake in any proceeding by virtue of the Fourteenth Amendment of the Constitution of the United States and Article 1, Section 6 of the Constitution of the State of Wyoming. *Loghry v. Loghry,* 920 P.2d 664, 668 (Wyo.1996); *Barker Bros., Inc. v. Barker–Taylor,* 823 P.2d 1204, 1208 (Wyo.1992). Notice and the opportunity to be heard are touch stones of this due process of law. *See Loghry,* 920 P.2d at 668; *Barker Bros.,* 823 P.2d at 1208; *Bjugan v. Bjugan,* 710 P.2d 213, 219 (Wyo.1985); *Tanner v. Tanner,* 482 P.2d 443, 445 (Wyo. 1971); *State ex rel. Blonder v. Goodbrod,* 77 Wyo. 126, 307 P.2d 1073, 1075 (1957). The Dorr Faction, as the members of Dorr & Associates, one of the original contracting parties in the DKBP agreement, had a legitimate property interest that was impacted by the awards by the arbitration panel. The Dorr Faction had notice of and participated in the first arbitration which antedated any bankruptcy filings. There is no question that the first arbitration order applies to and binds the Dorr Faction.

■ In the second and third arbitrations, however, the Dorr Faction was neither furnished with notice nor given any opportunity to be heard. The only parties noticed with respect to those arbitration proceedings were SKA and the Trustee in bankruptcy. The Dorr Faction challenged the validity of those arbitration awards, and the district court sustained their position, voiding the awards in the second and third arbitrations. We hold

that the second and third arbitration proceedings are void so far as the Dorr Faction is concerned and they are not bound by those awards. While we did say in *Dorr I,* 841 P.2d at 818, that "a debtor (D & A) is not entitled to notice of the trustee's actions regarding conduct of litigation involving the bankruptcy estate * * *," that comment did not extend to a proceeding that would address the individual members of the bankrupt firm. No arbitration proceeding can be invoked to circumvent the basic rights of due process and directly bind any individual, like the unrepresented members of the Dorr Faction. The second and third arbitrations, as the district court correctly held, cannot be enforced against the Dorr Faction.

The final question concerns the award by the trial court of damages to SKA as the liquidating partner of DKBP against the Dorr Faction for breach of the fiduciary duty. In *Dorr I,* 841 P.2d at 818, we adopted language from *Waddell v. Shriber,* 465 Pa. 20, 348 A.2d 96, 101 (1975), and we said, "[w]hen parties create a contractual relationship which includes a broad arbitration agreement, they intend to include within the scope of arbitration any dispute arising from the termination of that contractual relationship unless they clearly evidence a purpose to exclude such disputes." The partnership agreement between Dorr & Associates and SKA contained a broad arbitration provision.[1] By that provision, the parties agreed to arbitration to settle all their differences upon the dissolution of the DKBP partnership. That was the purpose and focus of the first arbitration proceeding. The arbitration panel considered testimony and evidence, conducted an accounting, and entered an award. In *Dorr I,* we advised that the first arbitration award settled all disputes between the parties and that those issues could not be relitigated. *See Dorr I,* 841 P.2d at

---

1. The partnership agreement stated in part:

ARTICLE XII. ARBITRATION

**Any controversy arising out of or relating to this partnership agreement shall be settled by arbitration** by three members of the state knowledgeable in business affairs. The first two arbitrators selected, one by each of part to the controversy, and the third arbitrator mutually agreed upon and selected by the first two arbitrators. Majority decision of the arbitrators will constitute arbitrated settlement, and judgment on the award rendered may be entered by any court having jurisdiction. The arbitrated settlement shall be made by arbitrators within 60 days of selection of the third arbitrator. **Arbitration shall be the exclusive remedy of controversy.**

*Dorr I,* 841 P.2d. at 818, n. 9, (emphasis added).

814. The phrase "all disputes" included a fair division of the assets valued by the arbitrators which in effect included an award to SKA for their Cheyenne client base.

■ The claim by SKA that the Dorr Faction had violated its own covenant not to compete, and therefore had breached a fiduciary duty to DKBP, is without merit because any damage suffered by SKA or DKBP which resulted from that action of the Dorr Faction was included within the arbitration award to SKA. We decided in *Dorr II* that SKA was entitled to an accounting and award for *work in process* during the dissolution proceeding. While it may be somewhat awkward to find the salient portion of the decision in a footnote, we allude to footnote 5 of *Dorr II*, 875 P.2d at 1265, where we pointed out that the client base was more accurately described as *goodwill*. In its opinion letter in the case before us, the district court stated that the asset with which it was concerned was the client base. We are satisfied that this is the same asset for which SKA was awarded recovery in the first arbitration proceeding. Any further award to SKA, beyond that of the first arbitration proceeding, for the value of or return of any assets of DKBP, would result in a double recovery for SKA. That double recovery would work a fundamental injustice to the Dorr Faction.

We hold that the first arbitration proceeding and the award there made for the damages included any claim that SKA now is seeking to enforce against the Dorr Faction. Each member of the Dorr Faction is jointly and severally liable for that arbitration award. *See* WYO. STAT. § 17–13–307 (1987). We agree with the trial court that this liability is imposed upon Mark Dorr. The result is that the SKA claims for fraudulent conveyance and breach of the Dorr & Associates covenant not to compete are *res judicata* in this case. The only claim available was for *work in process*, and the district court correctly decided that the amount owed was $1,451.96.

■ The district court correctly ruled that the claim by the Trustee in bankruptcy against the Dorr Faction for fraudulent conveyance of the Dorr & Associates client base was barred by the four year statute of limitations. This issue also is a question of law receiving *de novo* review under our plenary authority. *See Union Pacific Resources Co. v. State*, 839 P.2d 356, 367 (Wyo.1992). Upon review, we agree with the conclusion of the district court that the Trustee in bankruptcy clearly filed his action too late, and his claim is barred.

In summary, we reverse the district court with respect to the award to SKA of $112,-716.00 for breach of any fiduciary duty owed by the Dorr Faction to DKBP. We affirm the district court in all other respects. This case is reversed in part and remanded to the district court for the purpose of entering a judgment consistent with this opinion.