**BARD RANCH CO., a Wyoming Corporation, Appellant (Petitioner),**

v.

**Chuck FREDERICK; Charles Coleman; and William Windmeier, each in their official capacities as members of the Board of Commissioners of Platte County, Wyoming; NWIP, Inc., a South Dakota Corporation licensed to do business in Wyoming; and Wyoming Premium Farms, LLC, a Wyoming Limited Liability Company, Appellees (Respondents).**

No. 96–330.

Supreme Court of Wyoming.

Dec. 23, 1997.

Kermit C. Brown (argued) and Bruce B. Waters of Smith, Stanfield & Scott, Laramie, for Appellant (Petitioner).

John B. Robinson, Platte County Attorney, for Board of Comm'rs of Platte County.

Rex E. Johnson (argued) of Sherard, Sherard & Johnson, Wheatland, for NWIP, Inc. and Wyoming Premium Farms.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

LEHMAN, Justice.

■ Appellant Bard Ranch Co. (Bard) petitioned for review of the Platte County Commissioners' (Commission) decision to issue agricultural zoning certificates to Wyoming Premium Farms (WPF). The district court certified the case pursuant to W.R.A.P. 12.09(b). We hold, however, that events occurring during the pendency of the appeal make determination of the issues unnecessary. We, therefore, dismiss this case as moot.

## ISSUES

Bard presents three issues for review:

1. Are confined feeding facilities and lagoons permitted under Class V–Agricultural Zoning as defined in the Platte County Land Use Regulations?

2. Did the Board of Commissioners of Platte County, Wyoming, improperly issue the zoning permits for feeding facilities and lagoons under Class V–Agricultural Zoning as defined in the Platte County Land Use Regulations?

3. Should the action of the Board of Commissioners of Platte County, Wyoming, be reversed and this matter remanded for further proceedings appropriate under the Platte County Land Use Regulations?

WPF responds:

1. Does Bard Ranch Co. ("Bard") have standing to bring this appeal?

2. What procedure must be followed by county commissioners when issuing zoning certificates in a county which has adopted a zoning resolution?

3. Did the Platte County Commissioners ("Commissioners") follow the proper procedure when they issued five zoning certificates to Defendant Wyoming Premium Farms, LLC ("WPF") on October 1, 1996 (four sites and one alternate site)?

Bard is a corporate ranch owning land in Platte County near some of WPF's hog confinement sites. Under Platte County's zoning plan, the lands in dispute were zoned for agricultural use. Pursuant to W.S. 18–5–203, the Commission issued agricultural zoning certificates to WPF in October 1996, allowing for construction of four hog confinement sites. Bard petitioned the district court for review of the Commission's decision, asserting that the Commission violated the Platte County zoning regulations by issuing agricultural zoning certificates to WPF for what Bard contended was an industrial use. Finding that the issues presented in Bard's peti-

tion had statewide impact and that an appeal from any determination would be likely, the district court certified the case to this court.

Although not established by the record, both parties concede in their briefs that while this case was pending WPF applied for a zoning change of their land to an industrial classification. The Commission approved the rezoning and replaced WPF's agricultural zoning certificates with special permits pursuant to the Platte County zoning regulations. Bard has apparently petitioned the district court for review of these decisions as well.

### DISCUSSION

■ Generally, we review administrative decisions to determine if the agency action is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. W.S. 16–3–114(c) and W.R.A.P. 12.09(a). Our general law on justiciability provides that courts should not consider issues which have become moot. *Gulf Oil Corp. v. Wyoming Oil and Gas Conservation Comm'n*, 693 P.2d 227, 233 (Wyo.1985). We do not decide cases when a decision will have no effect or pertains only to matters that might arise in the future. *McLain v. Anderson*, 933 P.2d 468, 472 (Wyo.1997). A case is moot when the determination of an issue is sought which, if provided, will have no practical effect on the existing controversy. *Id.*

Therefore, if events occur during the pendency of an appeal that cause a case to become moot or make determination of the issues unnecessary, we will dismiss it. *Id.; see also Rocky Mountain Helicopters, Inc. v. Air Freight, Inc.*, 773 P.2d 911, 924–25 (Wyo. 1989).

Both parties concede that the Commission rezoned WPF's land and that WPF is currently operating under industrial permits. Because the current zoning scheme is industrial, determining the validity of the old agricultural zoning certificates will have no practical effect on the existing controversy. Nevertheless, Bard argues that determination of the issues presented in this appeal is necessary because WPF intends to operate under the old agricultural zoning certificates if Bard's challenge to the industrial rezoning is successful. While the possibility exists that the rezoning may be overturned, we will not consider issues that pertain only to matters that might arise in the future. *McLain v. Anderson*, 933 P.2d at 472. Accordingly, we dismiss this appeal as moot.