**SMITH KELLER & ASSOCIATES, Appellants (Plaintiffs),**

v.

**Mark DORR; Barbara Dorr; Stephen Pecha; Steven Bentley; and Steven Bentley, P.C., Appellees (Defendants).**

**Smith, Keller & Associates, a Wyoming general partnership, Appellants (Plaintiffs),**

v.

**Steven K. Bentley; Steven K. Bentley, P.C.; and Mark A. Dorr, Appellees (Defendants).**

**Steven K. Bentley; Steven K. Bentley, P.C.; and Mark A. Dorr, Petitioners,**

v.

**Smith, Keller & Associates, a Wyoming general partnership, Respondents.**

Nos. 97–367, 98–141, 98–170.

Supreme Court of Wyoming.

April 10, 2000.

Representing Smith, Keller & Associates: G. Kevin Keller, Cheyenne, Wyoming; and Don W. Riske of Riske & Arnold, Cheyenne, Wyoming.

Representing Mark Dorr, Barbara Dorr, Stephen Pecha, Steven Bentley, and Steven Bentley, P.C.: Greg L. Goddard of Goddard, Perry & Vogel, Buffalo, Wyoming.

Before LEHMAN, C.J., and THOMAS, GOLDEN, and HILL, JJ., and GUTHRIE, D.J.

THOMAS, Justice.

This case comes before the Court a fourth time on questions that have arisen during the proceedings following our remand of the third case to the district court. Smith, Keller & Associates (SKA) continued their endeavor to recover from Mark Dorr; Barbara Dorr; Stephen Pecha; Steven Bentley; and Steven K. Bentley, P.C. (Dorr faction) the amounts awarded to SKA. Initially, the dis-

trict court entered an Order Reducing Arbitration Award to Judgment, but subsequently the district court entered an Order on Reconsideration vacating the earlier order, primarily because of the appeal of collateral proceedings. The essential issues to be resolved in this appeal are whether the Declaratory Judgment Act was available to SKA to settle the effect of its earlier judgment; the entitlement of SKA to prejudgment interest on the arbitration award; and the effect of the remand by this Court of our most recent decision in this case. This Court is satisfied that declaratory judgment relief was available to SKA, and that the district court had only to enter a judgment for the work in process following the remand of that case. We agree with the district court in its ruling with respect to pre-judgment interest found in its initial Order on Summary Judgment. The Order on Reconsideration is reversed, and the case is remanded to the district court for entry of an appropriate order in accordance with this opinion of the Court.

This statement of the issues is found in the Brief of the Appellants for Case No. 97–367:

Whether the district court erred by failing to substantially comply with the direction, purpose and intent of the Wyoming Supreme Court's opinion and mandate.

This Statement of the Issue is found in the Brief of Appellees for Case No. 97–367:

Did the Supreme Court direct the trial court to enter judgment in favor of SKA in the amount of $105,163.78, plus interest from August 24, 1989, against the individuals of the Dorr faction in addition to affirming the trial court's judgment for the work in process amount of $1,451.96?

This statement of the issues is found in the Brief of the Appellant for Case No. 98–141:

Whether the district court erred in determining that Appellant was only entitled to a money judgment of $105,163.78 plus post-judgment interest from and after November 5, 1997.

This Statement of the Issue is found in the Brief of Appellees for Case No. 98–141:

Did the trial court err in ruling that prejudgment interest was not appropriate in this case?

This statement of the issues is found in the Brief of Petitioners for Case No. 98–170:

## ISSUE ONE

Was declaratory relief available to SKA and the appropriate remedy in this case?

## ISSUE TWO

Did the Supreme Court in *Dorr III* direct the trial court to enter judgment in favor of SKA in the amount of $105,163.78 plus interest from August 24, 1989, and against the individuals of the Dorr faction?

## ISSUE THREE

Did the trial court err in granting summary judgment in favor of SKA?

This statement of the issue is found in the Brief of Respondent for Case No. 98–170:

The district court was appropriate in awarding summary judgment.

In the Reply Brief of Petitioners in Case No. 98–170, this statement of the issues is presented:

## ISSUE ONE

Does the statute of limitations bar any further action by SKA?

## ISSUE TWO

Do the provisions of Wyoming Statute § 17–21–307 allow for direct imposition of judgment against individual partners?

Because this case is before us for the fourth time, our recitation of the facts need not be extensive. In January 1988, SKA and Dorr & Associates (D & A) formed an accounting partnership called Dorr, Keller, Bentley & Pecha (DKBP). SKA dissolved the DKBP partnership in May 1989, as was its right under the partnership agreement. The parties submitted their dispute to a panel of arbitrators pursuant to provisions of the partnership agreement. The arbitrators awarded $105,163.78 to SKA in unpaid compensation and damages. D & A subsequent-

ly declared a Chapter 11 bankruptcy, while the members of the Dorr faction formed new entities and continued in the accounting business. The district court confirmed the award in September of 1990, and the arbitrators issued two additional awards in 1990 and 1994. Additional details can be found in our prior opinions. *Dorr, Keller, Bentley & Pecha v. Dorr, Bentley & Pecha*, 841 P.2d 811 (Wyo.1992) (*Dorr I*); *Smith, Keller & Associates v. Dorr & Associates*, 875 P.2d 1258 (Wyo.1994) (*Dorr II*); and *Pecha v. Smith, Keller & Associates*, 942 P.2d 387 (Wyo.1997) (*Dorr III*).

The first three installments of the case in this Court track SKA's attempts to collect against the Dorr faction. In the first of our decisions, we held that full effect had not been given to the 1989 arbitration award. *Dorr I*, 841 P.2d at 817. In the second opinion, we held that the arbitration did not terminate the DKBP partnership, and that termination occurs only after dissolution and winding up of the partnership affairs. *Dorr II*, 875 P.2d at 1266. We further held in *Dorr II* that SKA was entitled to an award for work in process during the winding up of the DKBP partnership. *Id.* at 1268. In our third effort to resolve this case, we ruled that each member of the Dorr faction was jointly and severally liable for the first arbitration award, but not the second or third awards. *Dorr III*, 942 P.2d at 391–92. We also reversed the district court judgment against the Dorr faction for violation of a covenant not to compete because those damages were included in the first arbitration award. *Dorr III*, 942 P.2d at 392. We then remanded the case to the district court "for the purpose of entering a judgment consistent with [the] opinion." *Dorr III*, 942 P.2d at 392.

It is useful to trace the procedural steps of the parties and the rulings of the district court after we issued our remand of *Dorr III* on July 14, 1997. Within a few weeks of that order, SKA filed a motion for payment of the appeal bond, while the Dorr faction moved for release of the bond. On August 7, 1997, the district court held a hearing on the motions, and instructed SKA to file a motion to reduce the arbitration award to a judgment and to file a garnishment proceeding against

the appeal bond. As instructed, SKA immediately filed a Motion to Reduce Arbitration Award to Judgment, and the district court promptly issued an order granting that relief. SKA next filed the appropriate precipes for writs of garnishment, and the district court responded by issuing the writs of garnishment on August 13 and 14, 1997.

SKA's progress toward collection was checked at that point when the Dorr faction filed a Motion to Reconsider Order Reducing Arbitration Award to Judgment on August 19, 1997. The Dorr faction's motion alleged that the individual members of the Dorr faction were not parties to the arbitration, and should not be individually liable for the award. It further alleged that actions against the Dorr faction individually were time-barred, and that two members of the faction were previously discharged in bankruptcy from any debt resulting from the arbitration. The district court held a hearing on that motion on August 27, 1997, and decided to rescind the award; stop the garnishment; and keep the appeal bond in place, pending the inevitable appeal to this Court. As the district court expected, SKA filed an appeal of that decision, which is before us as Case No. 97–367.

Later that same day, SKA filed a Complaint for Declaratory Judgment asking the district court to declare Mark Dorr, Steven Bentley, and Steven Bentley, P.C., the members of the Dorr faction not discharged in bankruptcy, jointly and severally liable. The district court granted summary judgment to SKA in the declaratory judgment action, having determined that Mark Dorr and Steven Bentley, but not Steven Bentley, P.C., had been parties to the 1990 judgment. The Order on Summary Judgment awarded the original judgment amount, plus prejudgment and post judgment interest. The district court later issued an Amended Order on Summary Judgment eliminating the pre-judgment interest, but retaining the post-judgment interest, a loss to SKA in excess of sixty thousand dollars. Both parties appealed from that order. SKA's appeal of the denial of pre-judgment interest is before us as Case No. 98–141, and the Dorr faction's challenge to the rest of the order is Case No. 98–170.

At its most basic level, the issue in Case No. 97–367 is whether the district court erred in its Order on Reconsideration by failing to comply with our mandate in the remand of *Dorr III*. We have held that substantial compliance is the standard for testing the disposition of a case made by the trial court after a remand order.

> When this court remands a case, the district court is vested with jurisdiction only to the extent conferred by this court's opinion and mandate. *Potter v. Gilkey*, 570 P.2d 449, 454 n. 12 (Wyo.1977). When determining whether a district court has exceeded the scope of its authority granted by this court's opinion and mandate, we follow a standard of substantial compliance. *Sanders v. Gregory*, 652 P.2d 25, 26 (Wyo.1982); *see also* 5B C.J.S. *Appeal & Error* §§ 1965,1966 (1958).

*Matter of Adoption of BBC*, 849 P.2d 769, 772 (Wyo.1993). "An action taken by a district court which fails to substantially comply is the equivalent of proceeding without jurisdiction and is error." *Id.*

This Court's remand instructed the district court to enter "a judgment consistent with this opinion." *Dorr III*, 942 P.2d at 392. In that opinion, we said, "[e]ach member of the Dorr Faction is jointly and severally liable for [the first] arbitration award." *Dorr III*, 942 P.2d at 392. SKA contends that the district court did not substantially comply with that instruction, and therefore committed error. The Dorr faction, facing the Herculean task of convincing this Court that what we said was not what we really meant, offers no satisfactory response. Absolutes are dangerous, but in this instance this Court truly believes that we said what we meant and, without question, we meant what we said. While the goal of persuading this Court otherwise may be attainable, it will take a more compelling argument than the Dorr faction presents here.

To comply substantially with our opinion and mandate, the district court had only to enter a judgment for the work in process, plus appropriate interest, and then allow SKA to enforce that judgment along with the

judgment for the initial arbitration award. Because the district court's Order on Reconsideration did not accomplish that end, we hold that it was error, and therefore reverse it. We instruct the district court to enter a judgment against Mark Dorr and Steven Bentley, jointly and severally, for the arbitration award in the amount of $105,163.78, plus interest thereon from and after August 24, 1989; enter a judgment against Mark Dorr and Steven Bentley, jointly and severally, for the work in process in the amount of $1,451.96, plus appropriate interest; and direct the Clerk of the District Court to pay over to SKA all funds held on behalf of D & A, the Dorr faction, or members thereof, in partial satisfaction of the judgment.

In the remaining claims of error, Case Nos. 98–141 and 98–170, SKA challenges the district court's denial of pre-judgment interest, and the Dorr faction challenges the grant of summary judgment on SKA's Complaint for Declaratory Judgment. Although these claims have the potential for offering significant advisory opinions, we hold that our decision in the first issue precludes any necessity to address them. We said, not long ago:

> Our general law on justiciability provides that courts should not consider issues which have become moot. *Gulf Oil Corp. v. Wyoming Oil and Gas Conservation Comm'n,* 693 P.2d 227, 233 (Wyo.1985). We do not decide cases when a decision will have no effect or pertains only to matters that might arise in the future. *McLain v. Anderson,* 933 P.2d 468, 472 (Wyo.1997). A case is moot when the determination of an issue is sought which, if provided, will have no practical effect on the existing controversy. *Id.* Therefore, if events occur during the pendency of an appeal that cause a case to become moot or make determination of the issues unnecessary, we will dismiss it. *Id; see also Rocky Mountain Helicopters, Inc. v. Air Freight, Inc.,* 773 P.2d 911, 924–25 (Wyo. 1989).

*Bard Ranch Co. v. Frederick,* 950 P.2d 564, 566 (Wyo.1997). Our decision in Case No. 97–367 serves to resolve, finally and for all, the dispute between SKA and the Dorr faction. Having directed the district court to

enter judgment against Mark Dorr and Steven Bentley for the amount of the arbitration award plus pre-judgment and post-judgment interest, we hold the remaining appeals are moot.

Since the district court did not substantially comply with our mandate in *Dorr III,* we reverse its Order on Reconsideration, and remand for entry of a judgment against Mark Dorr and Steven Bentley, jointly and severally, for the arbitration award in the amount of $105,163.78, plus interest thereon from and after August 24, 1989, which will encompass both pre-judgment and post-judgment interest; a judgment against Mark Dorr and Steven Bentley, jointly and severally, for the work in process in the amount of $1,451.96, plus appropriate interest; and a judgment directing the Clerk of the District Court to pay over to SKA all funds held on behalf of D & A, the Dorr faction, or members thereof, in partial satisfaction of the judgment.